## GORDON NEWEL *v.* EXECUTOR OF CAROLINE KEITH.

A major part of a board of auditors may make a report, provided the report shows that all of them sat in the cause and participated in the deliberations.

It is no objection to a report, that items of account, existing prior to a settlement between the parties, are allowed by the auditors, provided it is found that those items were not included in the settlement, and whether included or not is a fact for the auditors to find.

If personal services are rendered by N. to K. at the request of the latter, an action will lie for them, unless it appears from the whole evidence that they were designed to be *gratuitous ;* and this is matter of fact for the auditors to find.

It is no *legal* objection to a charge, that it is made in gross, but it is matter for the consideration of the auditors, and should induce a suitable degree of caution in its examination and allowance.

The statute of limitations cannot be insisted upon by way of objection to the acceptance of the report of auditors, if not insisted upon at the time of the audit.

A legacy given to a creditor, less than the amount of the debt found due from the testator, and expressed in the will as "being a token of friendship," cannot be presumed to be in satisfaction of the debt.

In a case where no time is agreed upon for the payment for personal services, and no charge, in fact, made for them, nor presentment for payment in the life time of the party, and the claim permitted to sleep a great length of time from the voluntary act of the plaintiff, no interest should be allowed on such claim, except from the death of the party.

THIS was an action of book account, in which there had been a judgment to account in the county court, and auditors appointed, two of whom made report, the third dissenting from and not having signed the report.

The principal item in dispute was a charge in the plaintiff's

account of $240, which was a charge in gross for services <span>Rutland,<br>January,<br>1839.</span>
rendered, and concerning which the report stated that "it was
"proved by the testimony of the plaintiff and other witness- <span>Newell</span>
"es, that Col. Keith, then the husband of Caroline Keith, just <span>v.</span>
"before his decease, requested the plaintiff to aid and assist <span>Ex'r. of Keith.</span>
"and take charge of Mrs. Keith after his death, in and about
"her affairs. It also appeared and was-proved that Col. Keith
"was then about to leave an estate, estimated at ten thou-
"sand dollars, or more, and had no children. It was further
"proved by the testimony of the plaintiff that Mrs. Kejth,
"after her husband's death, continued the same request, and
"oftentimes told the plaintiff, when she called on him to do
"business for her, that he should be well paid for his services.
"It was also proved by other witnesses, that Mrs. Keith at
"sundry times recognized and spoke of the plaintiff as her
"agent, and refused to transact business without his assist-
"ance and advice, and frequently called at his house, and
"sent for him from his office, the field and the village to ad-
"vise and consult with her in relation to building, selling
"property, and transacting her business generally; and for
"that purpose sometimes called several times in a week du-
"ring the time she resided in Pittsford, and at times would
"stay several days, or perhaps a week, and in some instances
"she sent for the plaintiff to come to her house for the same
"purposes. It was further proved, that the plaintiff did, at
"all times when required, assist her in relation to her pecu-
"niary affairs generally, in selling lands and in all other re-
"spects, from the death of Col. Keith until her death, and
"that during that time it was well worth the price charged by
"the plaintiff, viz, $15, by the year, and that the plaintiff, in
"pursuance of the request of Col. Keith, repeated by Mrs.
"Keith, after his death, and relying on her promises from time
"to time,-to pay him therefor, performed the said services. It
"was further proved that a friendly intercourse subsisted be-
"tween the family of the plaintiff and that of Col. Keith in his
"life time, which was continued after his death until the death
"of Mrs. Keith.

"The auditors further report, that it was proved to them
"that about fourteen months subsequent to the death of Col.
"Keith, to wit, on the 31st of August, 1820, the plaintiff and
"Mrs. Keith made a settlement of their respective book ac-

"counts, that in that settlement no charge was made by the "plaintiff, or claimed or allowed, for his services, thus far applicable to the said charge of two hundred and forty dollars. "And it was admitted by the plaintiff tnat this charge was "not made in his book, nor entered elsewhere, until after "the death of Mrs. Keith, nor until he drew off his account "to present it to the commissioners upon the estate."

It also appeared before the auditors, that the testatrix in her will, gave to the plaintiff and his wife the sum of fifty dollars each, as a token of her friendship and remembrance.

The auditors reported a balance in favor of the plaintiff of $224,07, and interest thereon from the 1st of July, 1820, to April 15th, 1838, amounting to $137,89, making, in the whole, $361,96.

The county court accepted the report, and rendered judgment thereon for the plaintiff; to which the defendant excepted.

*P. Smith* and *E. L. Ormsbee*, for defendant.

1. The report is signed by only two of the auditors appointed to adjust the accounts, and should therefore be set aside. *Townsend* v. *Gray*, 1 Chip. R. 127.

II. The item in dispute in the plaintiff's account, is a single sweeping charge for services, wholly vague, indefinite and incapable of ascertainment, made after a settlement between the plaintiff and the testatrix, in her life time, and after the death of the latter, the plaintiff having, neither at the settlement or at any time during the life of the testatrix, made such claim, and put down for the first time by him upon his book when he drew off his account to present it to the commissioners.

1 Aside from the testimony of the plaintiff, it does not appear but that these general services were rendered gratuituously. We are at liberty, then, to take the ground that such was the fact. Consequently he has no legal claim.— Chitty on Con. 162. 2 Com. Con. 350. *Taylor* v. *Brewer*, 1 Maule & Selw. R. 290.

2. But, assuming that the testatrix engaged to reward the plaintiff for the general services, we contend that she intended the legacy, given him and his wife, should be a satisfaction, and ought to be so held, both at law and in equity. *Chan-*

*eey's case*, 1 P. Wms. R. 410. *Richardson* v. *Greese*, 3 Atk. R. 66, 68.

3. At all events, the plaintiff's claim for general services ought to have been restricted to the six years preceding the death of the testatrix. It appears that the auditors went back even to the settlement made in August, 1820.

III. The claim of the plaintiff for interest on the disputed charge is, to say the least of it, of very questionable character, inasmuch as he made no claim on the testatrix in her life time.

*S. Foot*, for plaintiff.

. 1. The court will accept a report signed by a majority of the auditors. *Thompson* v. *Arms*, 5 Vt. R. 546, and so of referees. *Welman* v. *Bulkley*, 6 Vt. R. 299.

2. Interest should be cast only upon the balance of the accounts, as the auditors have done in this case. *Catlin* v. *Aiken*, 5 Vt. R. 177.

3. A party is not precluded from recovering on any item of account which has not been adjusted by the parties in a settlement of their accounts. *Austin* v. *Berry et al.*, 3 Vt. R. 58. Nor even will a former recovery in an action on book bar a subsequent suit for articles delivered or services rendered prior to such recovery, but which were not adjudicated. *McLaughlin* v. *Hill*, 6 Vt. R. 20. At all events, the court will not set aside the report for this objection, as it is a mere matter of computation; which the court will correct if erroneous.

4. The general charge of $240,00 was made for services of a general character, in the direction, management, and superintendence of the business of the testatrix generally, for that kind of service that can hardly be reduced to detailed specifications, and which it is proper to include in a general charge, the auditors judging of the reasonableness .of the charge from the evidence before them. It is no objection that the charge was not made earlier. *Bell* v. *McLeran*, 2 Vt. R. 185.

5. The auditors have found that the services, for which the charge of $240,00 is made, were actually rendered at the request of the testatrix, and upon her frequently expressed promise to pay him. It is a matter of fact for the auditors to find whether the services were performed at the request

of the testatrix, and unless it appears from the report that they found this fact without any evidence, it cannot be assigned as error. *Phelps & Bell* v. *Wood*, 9 Vt. R. 339.— When the services were continued so long, with the acquiescence of the testatrix, the law will raise the presumption of a promise to pay, even if no express promise had been found.

6. The legacy in the will was made in consideration of friendship and affection, and not in consideration nor in discharge of any indebtedness of the testatrix to the plaintiff. Nor is the acceptance of the legacy a satisfaction in law for the plaintiff's claim. Such a doctrine has never been recognized in this country, and has long since been exploded in England. Reeve's Dom. Rel. 300, and the cases there cited.

The opinion of the court was delivered by

BENNETT, J.—There are sundry objections urged why the report of the auditors should not have been accepted by the court below, which it is our duty to consider. It has long been considered settled, that in case of three auditors, two may make report, provided that the other sit at the hearing, though he may dissent from the majority. It is doubtless necessary that the report should show that all the auditors were present at the hearing, which the report in this case does show. The act of the major part will be conclusive, and will be regarded as the act of the whole, provided all participated in the deliberations. *Grindley* v. *Barker*, 1 Bos. & Pul. 235. *Thompson* v. *Arms*, 3 Vt. R. 546.

It is no objection that the auditors allowed certain items in the account that existed previous to the settlement in 1820, provided those items were not included in the settlement; and this is altogether a matter of fact for the auditors to pass upon, and their finding, in this respect, is conclusive upon the parties. As to the charge of $240 on the plaintiff's account, the auditors find that certain services were rendered for the defendant at the request of Col. Keith in his life time, and that request renewed by the widow after his decease, under an assurance from her that he should be well paid, and that the plaintiff performed the services relying upon her promise to pay him; and that the services performed were well worth $15 per year. The auditors are the proper board to find the facts, and from the facts reported there can be no doubt

as to the legality of this claim. There can be no pretence that the services were rendered from motives of friendship, and gratuitously, or that it was so understood by either of the parties. That no charges were made till after Mrs. Keith's death, and then a gross charge, were facts for the consideration of the auditors, and unless satisfactorily explained and rebutted, would go far to satisfy the auditors that whatever services were rendered were in fact gratuitous, and no charge, in the time of it, intended to be made. . It can constitute no valid legal objection, that a charge is made in gross, but it is matter for the consideration of the auditors, and should call into exercise a suitable degree of caution in the examination and allowance of such charges. See the case of *Evarts* v. *Nason's estate, ante* 122.

The statute of limitations was not insisted on before the auditors, and cannot, of course, upon the return of the report, be urged as an objection to its acceptance. By the will of Mrs. Keith, she gives to plaintiff and his wife, "to each fifty dollars as a token of friendship and remembrance." This, it is argued, is to be taken as a satisfaction of the claim. It is said, this strict rule is established, that a legacy given by a debtor to his creditor, which is equal to, or greater than the debt, shall be presumed to be intended in satisfaction of the debt. See 1 P. Wms. R. 410, and authorities in the note to that case. This has been considered an arbitrary rule, and has created much dissatisfaction, and every circumstance in a will has been laid hold of to rebut the presumption; as where the payment of the testator's debts are particularly mentioned in the will, or where the legacy is not so beneficial in some particular, though it may be more so in others. In the present case, the legacy is given as a token of the testatrix' friendship, and is much less than the debt which the auditors have found due from her. There can be no possible ground to suppose this legacy was intended to be in satisfaction of this claim, but quite the reverse. " It was," as the will declares, "a token of friendship."

We think that interest should be allowed on the plaintiff's account, only from the decease of Mrs. Keith. Interest is generally allowed by our law on the ground of some contract *expressed* or *implied*; but there are cases where it is allowed as damages for the breach of some contract, or the viola-

Newell
v.
Ex'r. of Keith.

tion of some duty. In this case there was no time agreed upon for the payment of the plaintiff's services, and no charge, in point of fact, made or presented to Mrs. Keith in her life time. Inasmuch as, from aught that appears, the delay of payment in the life time of Mrs. Keith proceeded from the voluntary act of the plaintiff, and the claim was permitted to lie dormant for such a length of time, we think it unreasonable that interest should be added to this amount, so long as the delay was the fault of the plaintiff. After the death of Mrs. Keith the plaintiff was necessarily subject to the delay ordinarily attending the settlement of estates, and from the principles established in this state, we think interest should be allowed from that time. Chitty on Con. page 505. *Selleck* v. *French,* 2 Conn. R. 32. The judgment below must, then, for this cause, be reversed, and judgment rendered on the report for the amount of the plaintiff's account, as allowed by the auditors, allowing interest only from the death of the testatrix.