ABIEL STODDARD v. ZIBA CHAPIN.

It is the duty of an auditor to report facts, and all inferences of fact; and the court, in deciding on his report, are to determine only questions of law.

An auditor may not report the evidence merely, and leave it for the court to investigate the same, and come to conclusions as to what is proved.

A charge of money overpaid on a note, by mistake, cannot, without giving previous notice of the overpayment, be recovered in an action on book, when the mistake was not the defendant's, and he did not, in any way, induce it.

THIS was an action of book account, appealed from a justice of the peace, in which there was a judgment to account, in the county court, and a reference to an auditor.

The auditor reported that the parties having appeared before him, —

" The plaintiff exhibited his account against the defendant, of which the following is a copy :

1837.   Ziba Chapin to Abiel Stoddard, Dr.

| | | |
|---|---|---|
| To 1 days' work, by Rufus Cobb, | 84 | |
| May or June, cash delivered wife, | 5.00 | |
| Oct., 1838, overpaid on note, | 50 | |
| | | —— $ 6.34 |
| Cr.   By cash to balance days' work, | | 84 |
| | | $ 5.50 |

" On the hearing of the case, the auditor reports, that the following facts appeared in evidence : — That the wives of the parties are sisters ; that, at the time of the intermarriage of the defendant with his wife, in 1835, she held two notes against the plaintiff, amounting to about $50.00 ; that, in January, 1837, the plaintiff, in a settlement with the defendant of said notes, took up said notes and gave a note for the balance of said notes, made payable to the defendant, for the sum of $19.00, and that the defendant, at the same time, delivered said $19.00 note to his wife ; that, during the summer season of 1837, the defendant was out of health — that his wife went to mill, went to procure help in haying and reaping, to purchase rye twice, to see about getting help to clear off a piece of land and to chop ; that, in May or June, 1837, the defendant's wife called on the plaintiff for $5.00, which sum the plaintiff delivered to her, and that nothing was said, at the time of the delivery of said $5.00, in what way the same was to be accounted for ; that, soon after the defendant's wife received said $5.00 of plaintiff, defendant's wife told defendant that there was a report that Bellows Falls Bank had failed, and that she had examined her money to see if a $5.00 bill, which she said she had received of plaintiff, was not on said Bank, and found that it was not ; that he then requested her to examine his pocket book to see if he had any bills on said Bank ; but it did not appear that defendant ever had actual possession of said $5.00, or that he, in any way, had the use of it ; that, in October or November, 1837, the defendant's wife requested the plaintiff to get her a shawl, and that plaintiff procured one for her which cost about $10.00 ; that, in October, 1838, the plainsiff went to defendant to take up said $19.00 note, at which time the sum for the shawl had been endorsed upon said note ; and that the plaintiff then requested, that the

said sum of $5.00 be applied upon said note in part payment thereof, but the defendant declined to apply said sum on said note ; and that the same was not allowed towards the payment of said note, or in any way accounted for by the defendant to the plaintiff; that the plaintiff, at that time, took up said $19.00 note, and charged the said sum of $5.00 to defendant ; and that, upon the payment of said $19.00 note, the plaintiff, through mistake, paid the defendant fifty cents more than there was then due on the same, and did not discover the mistake previous to the trial of this cause before the justice, at which time he made charge thereof to the defendant.　It also appeared in evidence that defendant's wife, after their marriage, had, from time to time, received money of plaintiff upon said two first mentioned notes, and that defendant's wife had let defendant have $25.00 of the money she had received of plaintiff as aforesaid, and that he procured a stove with said money.

Defendant offered his wife as witness in said trial before the auditor — who was, by the auditor, rejected.

If, upon the foregoing statement of facts, the court are of opinion that the item of fifty cents is a proper book charge, and that said item of $5.00 is not, then, in that case, the auditor finds and awards, that the plaintiff recover of the defendant the sum of sixty cents, including interest, to balance book accounts between them, and his cost at this and a former hearing before the auditor, taxed and allowed at $30.35, exclusive of auditor's fee of last hearing — $6.00. If, upon the facts aforesaid, the court are of opinion that the charge of $5.00 is a proper book charge, and that the item of fifty cents is not, the auditor finds and awards that there is due from the defendant to the plaintiff, to balance book accounts between them, the sum of $6.25, and his costs as aforesaid.　And if the court, upon the facts as aforesaid, are of opinion that both items, to wit, the item of $5.00 and the item of fifty cents, are proper items of book charge, then, in that case, the auditor finds and awards that the plaintiff recover of the defendant the sum of $6.85 (including interest thereon) and his costs, taxed, as aforesaid, at $30.35, and auditor's fee $6.00.　But if the court, from the aforesaid statement of facts, are of opinion that neither of said items, to wit, the item of $5.00 or the item of fifty cents, are items

of proper book charge, then, in that case, the auditor finds that there is nothing due from the defendant to the plaintiff, on book, to balance book accounts between them, and finds for the defendant his costs, taxed at $19.25, including auditor's fee of $6.00."

Upon the coming in of the report, the court accepted the same, and rendered judgment for the plaintiff, for $6.85, and his costs. The defendant excepted.

*D. Kellogg*, for defendant, insisted that the plaintiff was not entitled to recover the item of $5; and cited *Bradley* v. *Goodyear*, 1 Day's Cases, 104 ; *Chellis* v. *Wood*, 11 Vt. R. 466 ; *Montague* v. *Benedict*, 1 Carrington, 356 ; *Earl* v. *Peale*, 1 Salk. 387 ; —

And that the fifty cents in the plaintiff's account, under the circumstances stated in the auditor's report, was not a proper subject of book charge.

*J. McM. Shafter*, for plaintiff.

I. The plaintiff may maintain an action for the fifty cents overpaid on the note. No notice of the overpayment was necessary, for the defendant had the same means of knowing it as the plaintiff ; and was bound to see to it that he did not receive more than was due to him. No request of payment was necessary, for it was a debt or duty precedent. 1 Saund. 33 ; Chit. Plead. 322; 1 Sel. N. P. 111 ; 18 Johns. R. 485. Book account is the proper action. 10 Vt. R. 474.

II. The defendant is properly chargeable with the $5 paid to his wife. She was his general agent, as is evident from the finding by the auditor that she purchased grain, hired help, received money of plaintiff, with the defendant's assent, to purchase a shawl, received of plaintiff, with the like assent, money on her notes, which came to defendant's use, and was, by the defendant, constituted his agent to receive money on the $19 note. The sufferance of these acts by the defendant precludes him from disputing the agency of the wife. Paley Ag. 138–9, 196, 230 ; Story Agen. 58, 60, 93, 118; *Ordiene* v. *Maxcy*, 13 Mass. 178.

Though the auditor has reported that it did not appear that the $5 bill ever came to the corporal touch of the defendant, yet, in law, it must be considered as having come

to his possession and use. The possession of the wife was the possession of the husband. 2 Black. 435 ; 9 Vt. R. 320.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — The only subject of dispute in this action is, whether the county court was correct in rendering judgment for the plaintiff to recover the two charges, one of five dollars as cash delivered the wife of the defendant, and the other of fifty cents for money overpaid on note. If the county court were incorrect in allowing these charges, judgment should have been for the defendant, and this would have carried the cost, which has increased to a large amount.

On reports of auditors, the county court are only to decide questions of law arising from the report ; and it is only their decision on these questions which this court ever reviews or revises. It is the duty of auditors to decide upon all questions of fact arising in the investigation of an account, and to deduce all inferences of fact which may be legitimately drawn from the evidence. They may not report the evidence, merely, and call upon the court to investigate the same, and come to a conclusion as to what facts are proved.

In relation to the charge of five dollars, the auditor has not found and reported that the defendant was indebted, nor has he stated any facts from which the law would raise any such indebtedness. He reports that the wife of the defendant had of the plaintiff five dollars ; but omits to say on what account. He does not report that it was received to be repaid, or that it was received as payment, or part payment, of the note which defendant's wife held against plaintiff, and which defendant afterwards refused to have applied. He says the same never came to the custody of the defendant, or that it, in any way, ever came to his use.

As to the agency of the wife, it is sufficiently stated that she acted as agent at times ;—and there are several acts of agency stated, from which the auditor might have found that she received this money for, and on account of, the plaintiff. But he has not so reported ; and, from what is stated, it is uncertain whether the money was given as a gratuity, or whether it was a loan, or whether it was in payment of the

WINDHAM,
February,
1843.

note.   The county court, on that report, as on a special ver-
dict, were not authorized to decide that the defendant was
legally accountable to the plaintiff for that sum, and that the
plaintiff should recover therefor.

With respect to the charge of fifty cents, the facts found
by the auditor are very few.   The plaintiff, through mistake,
overpaid that sum on the note which he gave the defendant,
and this mistake was not discovered by either, until after the
commencement of this suit, nor previous to the trial before
the justice of the peace.   It is not found that it was through
the mistake of the defendant, or under any uncertainty of the
facts, or by miscast, induced in any way by the defendant.  The
plaintiff had the knowledge of, or the means of knowing, the
exact amount due on the note ; and if he overpaid it through
his own mistake, it cannot be said that he could, imme-
diately, and without giving any previous notice to the defen-
dant, have commenced an action therefor.   It partakes so
much of the character of a voluntary payment, that we think
the plaintiff could not maintain any action therefor, until he
had pointed out to the defendant the mistake, and given
him notice that he should call on him for the payment of the
same.   With respect to this charge, as well as the other,
sufficient is not reported to show the defendant indebted to
the plaintiff.  The judgment of the county court is, therefore,
reversed, and judgment is to be rendered for the defendant
to recover his cost.