HON. PIERPOINT ISHAM,  
HON. MILO L. BENNETT, } ASSISTANT JUDGES.

---

L. R. & A. O. BRAINERD *v.* THE CHAMPLAIN TRANSPOR-
TATION COMPANY.

*Interest.*

Where there is no express contract to pay interest, it is not recoverable except upon the presumption that the debt should have been sooner paid.

The plaintiffs had for several years, sold to the defendants large quantities of wood, which it was understood would be, and which were settled and paid for during the winter succeeding the delivery, and neither party expected that interest would be paid to the time of such settlement. The plaintiffs omitted, at two or three of these annual settlements, to present an account for a certain quantity of wood previously delivered, and, in consequence of such omission, it remained unpaid,

Brainerds *v.* Champlain T. Company.

the defendants supposing at each settlement, that they had paid for all the wood previously delivered. *Held*, that under these circumstances the plaintiffs would not be entitled to interest upon the account during the time they so omitted to present it.

BOOK ACCOUNT. The first eleven items in the plaintiffs' account were for several quantities of wood, delivered at different times, all of which had been paid for, so far as they were found to be correctly charged, and no question in reference to them was carried to the supreme court. The twelfth charge was for nineteen cords of wood boated to Plattsburgh in September, 1849, in reference to which the auditor reported the following facts : The wood was delivered at Plattsburgh at the time charged, by the direction of Lawrence Brainerd, who was then a director in the defendants' company, and was worth the price charged, and it did not appear that any officer or agent of the company had any knowledge respecting it, except the said Lawrence Brainerd. Oscar A. Burton was the general agent of the company, whose business it was to settle accounts for wood, and the plaintiffs had at different times, both before and since, furnished to the defendants large quantities of wood, which the said Burton had settled with and paid them for at some time during each winter after they delivered it. At the time of the first settlement, after this wood was delivered, which was on the 23d of January, 1850, no bill of this wood was presented by the plaintiffs, and no claim was then made by them for it. At that time, Burton understood he had settled all the claims of the plaintiffs for wood previously delivered, and it did not appear that any claim was ever made upon the defendants for the wood embraced in this item, until about the 1st January, 1852, when the plaintiffs asked Burton to pay for it. On the 5th day of May, 1852, Burton, in behalf of the defendants, tendered forty-one dollars for the purpose of discharging whatever claim the plaintiffs had, which tender the plaintiffs refused to receive. The plaintiffs claimed that they were entitled to interest upon this charge from January, 1850, in reference to which the auditor reported that on the 23d January, 1850, no claim was made by the plaintiffs for interest upon the account then settled, and from the nature of the dealings between them, neither party expected interest would be cast until the settlement for the wood, which the parties expected would take place in the winter following its

delivery.   The auditor reported that if, upon the foregoing facts, the plaintiffs were entitled to interest upon this charge from the 23d of January, 1850, there was due to the plaintiffs, including costs, on the 5th of May, 1852, the sum of forty-one dollars and twenty-nine cents; but if they were entitled to interest only from the 1st of January, 1852, there then was due to them on the 5th of May, 1852, only the sum of thirty-seven dollars and thirty cents.

The county court, December Term, 1855,— PECK, J., presiding,— rendered judgment upon the foregoing facts in favor of the defendants, the tender having been kept good, and the money tendered being in court; to this decision the plaintiffs excepted.

*H. R. Beardsley*, for the plaintiffs.

It appears by the report, that the expectation of the parties was that the wood was to be settled for in the winter after the delivery. That time, then, must be regarded as the expiration of the term of credit.   If so, a right of action would then accrue to the plaintiffs, and interest would begin from that time; *Raymond* v. *Isham*, 8 Vt. 258; *Selleck* v. *French*, 1 Conn. 32.

*Aldis & Burt*, for the defendants.

The opinion of the court was delivered by

REDFIELD, CH. J.   The great controversy in the present case is in regard to the plaintiffs' right to recover interest on the amount found due to him.   The amount remained unpaid for such a period of time, that under ordinary circumstances, interest would be regarded as recoverable.   But this is upon the presumption that it should have been paid before.   And interest is never recoverable on the ground of delay of payment or by way of damages; in short, never in any case, except upon the presumption that the debt should have been paid sooner, unless when there is an express contract to pay interest.

In this case the auditor reports, that "neither party expected interest would be paid until the settlement for the wood, which the parties expected would take place in the winter following the delivery."

There is every reason to suppose this account would have been settled at the time the other portion of the wood account was, if it had been presented. And from the facts reported, and the nature of the dealings, it would seem reasonable that it should have been then presented. It seems to have been overlooked by the plaintiffs. This could not be the fault of the defendants. They do not seem to have been guilty of any default in the matter, until the account was presented for adjustment. Until that time it was not expected interest would be cast. It could not be adjusted till presented. It seems probable enough that during the delay of payment, the defendants' general agent and the plaintiffs were both ignorant or unmindful of the existence of the account. Under these circumstances it seems to us'the plaintiffs' fault or misfortune that the account was not presented for adjustment and paid. This cannot fairly, as it seems to us, be visited upon the defendants by way of compelling them to pay interest.'

Money paid by mistake or over paid on a certain claim may, ordinarily, be recovered back, and sometimes, but not ordinarily, without a demand first made; and in no such case should interest be recoverable, unless it was the fault of the party to whom the payment was made, that the over payment occurred; *Stoddard* v. *Chapin,* 15 Vt. 443.

Judgment affirmed.