HORACE EVANS *v.* DANIEL BECKWITH.

*Interest.   Receipt.   Contract.*

By an arrangement between all parties interested the defendant bought a store of goods that had been attached, and gave his receipt therefor. It was stipulated in the receipt, and agreed upon independent of the receipt, that the defendant should not be called upon for payment until a suit pending about the ownership of said goods was decided. *Held,* that under either aspect of the case no interest was allowable until demand of payment and refusal; as no implied contract to pay interest arises, except where the party has neglected to make payment after it was his duty to do so.

ASSUMPSIT upon a receipt given by the defendant to the plaintiff for a quantity of goods attached by the plaintiff as sheriff, on writs in favor of S. S. Thompson and Chamberlin & Fletcher, against Fife & Wadleigh. Plea, the general issue. Trial by the court, December Term, 1863, POLAND, Ch. J., presiding.

Upon trial it appeared that Fife & Wadleigh, being owners of a store of goods, failed in October, 1856, and on the 14th of the same

month the plaintiff attached and took the goods in their store upon the two writs above named.   Previous to the attachment one George W. Wadleigh had taken possession of said goods, and claimed to be the owner of them by purchase from Fife & Wadleigh.   The creditors of Fife & Wadleigh claimed that such sale was fraudulent. George W. Wadleigh commenced an action of trespass against the plaintiff for taking said goods, and the same was expected to be litigated.

An arrangement was thereupon made between the said creditors, the attorney of George W. Wadleigh, and the defendant, (who was a merchant at Burke,) to sell said goods to the defendant at a discount of thirteen per cent. from their cost, and it was agreed between the said creditors and the attorney of George W. Wadleigh, that such agreed price should be taken as the value of the goods when attached by the creditors.   It was also arranged between all said parties that the defendant should execute a receipt for the goods to the plaintiff, and that he should not be called upon for payment until the question of ownership was decided between the creditors and George W. Wadleigh, if he succeeded in establishing his title.

It did not appear that at the time of making this arrangement and sale of goods to the defendant, anything was said as to whether he was to pay interest on the price of said goods.   This arrangement was made at St. Johnsbury, and subsequently the defendant went to the office of Mr. Bartlett, in Lyndon, who was the attorney of said creditors in said actions, when Mr. Bartlett wrote the receipt declared on, and the defendant executed it.   At the same time Mr. Bartlett gave to the defendant a writing signed by himself as attorney of said creditors, stating that the defendant was not to be called on to pay for the goods until the suits about the ownership should be ended. This paper was dated November 21st, 1856, which was the day it was executed, as well as the receipt, but the receipt was dated back to the date of the attachment, October 14th, 1856.

It appeared that the creditors had no knowledge of the giving of such paper by Mr. Bartlett to the defendant, and gave no express authority to him to give it, but the paper truly expressed the actual agreement made by the creditors themselves.   The defendant immediately placed said goods in his store, and proceeded to sell them out

to customers as he had occasion. Judgments were recovered in both the suits on which the goods were attached, at the December Term, 1856, and executions issued and placed in the hands of O. P. Wakefield, sheriff, but no demand was made on the plaintiff or the defendant by the officer holding said executions.

The suit in favor of George W. Wadleigh against the plaintiff for said goods terminated by a judgment in favor of Wadleigh, at the December Term, 1861, for the price of the goods, as sold to the defendant, and interest thereon from the time of the taking, and the judgment was immediately paid up by said creditors. The defendant being then called upon by them to make payment for said goods, did pay to them the amount specified in the receipt, but refused to pay interest, claiming he was not bound to do so. The creditors received the amount of the principal, but claimed they were entitled to recover interest from the date of the receipt, and refused to surrender the receipt, and caused this suit to be brought to enforce payment of the interest.

Upon these facts the court decided that the defendant was not bound to pay interest, and rendered judgment for the defendant,— to which the plaintiff excepted.

*G. C. & G. W. Cahoon* for the plaintiff, insisted that the defendant was legally bound to pay interest.

1st. The receipt for the goods was dated back to the day of the attachment, the defendant understanding the rule of *damages*, and that they were to be computed from that time.

2d. He was aware of the nature of the suit, *Wadleigh* v. *Evans*, that it was an action of trespass, and was legally bound to know, as he in fact did know, that if Wadleigh sustained his claim he would be legally entitled to interest on said sum from the date of the attachment, and the exceptions find that Wadleigh obtained judgment at the December Term, 1861, for the price of the goods as sold and interest thereon from the time of taking.

" In trespass for taking away property, the value of property at the time of taking, with interest thereon is the measure of damages." *Wire* v. *Church*, N. C. p. 95 ; *Wood* v. *Smith*, 23 Vt. 709 ; *Branin* v. *Jackson*, 19 Maine, 361 ; Eastman's Dig. p. 207, sec. 12.

*J. Ross*, for the defendant.

By the rule of our court, where there is no contract for interest, none can be recovered till after the money becomes due or payable, and where a demand is necessary, none till the demand is made. *Evarts* v. *Nason's Est.*, 11 Vt. 122 ; *Newel* v. *Ex'r of Keith*, 11 Vt. 214 ; *Abbott* v. *Wilmot*, 22 Vt. 437 ; *Porter et al.* v. *Munger*, 22 Vt. 191 ; *Smith* v. *Moore*, 25 Vt. 127 ; *Gleason* v. *Briggs*, 28 Vt. 136 ; *Sprague* v. *Est. of Sprague*, 30 Vt. 483.

BARRETT, J.   The only question presented by the exceptions, and discussed in the argument is, whether the plaintiff is entitled to interest on the sum expressed in the receipt, from the time the property was sold, for which the receipt was given.   It appears that the defendant paid the principal sum at the time he was called upon, conformably to the terms of the receipt, and the understanding and agreement of the parties to the transaction.

Whether the question be considered upon the contract evidenced by the receipt, or upon the evidence as to the understanding of the parties, outside of the receipt, the same result would follow.   It is to be observed that the receipt is in the ordinary form of a receipt taken by an officer on the attachment of property.

It is well settled that, on such a receipt, or in a suit on such a receipt, interest is allowable only from the time demand is made, and refusal to deliver upon such demand.

The defendant stipulated to deliver the property, or pay a certain amount of money—the value of the property—to the plaintiff, or any other officer who may have an execution issued on the judgment rendered in the action on which said property had been attached. Of course, by the terms of the receipt, he was under no duty to deliver the property, or pay the money until demand should have been made.   When such demand was made the defendant paid the amount of money stipulated.

Now, as to the subject, as shown by evidence outside of the receipt ;—the exceptions state that it was arranged between all of the parties, that the defendant should execute a receipt for the goods to the plaintiff, and that he should not be called on for payment until the question of ownership was decided, &c.

At the time said receipt was executed, Mr. Bartlett, as attorney for the attaching creditors, gave the defendant a paper stating that

the defendant was not to be called on to pay for said goods until the suit about the ownership should be ended. Whether the defendant's obligation and liability be regarded as arising upon the receipt he executed, or upon the arrangement between all the parties, as stated in the exceptions, conformably to which were the terms of said paper, executed by Mr. Bartlett, the result is the same.

In either case there is no *express* contract to pay interest. No implied contract to pay interest arises except where the party has neglected to make payment after it was his duty to do so.

But the case shows that the defendant, in fact, made payment of the sum stipulated, at the time his duty to do so became operative. This being so, it is impossible for us to see upon what ground the plaintiff's claim in this case can be maintained. *Brainerd* v. *Cham. Trans. Co.*, 29 Vt. 154; *Sprague* v. *Est. of Sprague*, 30 Vt. 483; *Vt. & Can. R. R. Co.* v. *Vt. Cen. R. R. Co.*, 34 Vt. 1; and many other cases.

The judgment is affirmed.