SAMUEL J. DOGGETT

v.

JEMIMA REAM.

</div>

1.  SERVICES PERFORMED—BURDEN OF PROOF.—Where services are rendered at the request of another or under circumstances showing an acceptance of such services and the benefits arising therefrom, the law implies a promise to pay for such services, and in the absence of any agreement as to the amount, a promise to pay what they are reasonably worth. To overcome this presumption and show that the services were to be performed gratuitously, the burden of proof is upon the party claiming it to prove that fact.

2.  INSTRUCTION AS TO DISCREDITING A WITNESS.—The false swearing which discredits a witness must be done knowingly or willfully.

Doggett v. Ream.

3. Practice—Modifying instructions.—A party cannot complain if the court modifies an improper instruction asked by him, nor if the court uses it as the basis of a new instruction by the court of its own motion, which a court may always give subject to the right of either party to except thereto.

Appeal from the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding. Opinion filed February 4, 1880.

Mr. William B. Bradford, for appellant; that where services are rendered at the request of another or under such circumstances as imply an acceptance of such services, the law will imply a promise to pay, cited Bishop on Contracts, § 75; 2 Parsons on Contracts 46; Bradberry v. Helms, Ill. Syn. Rep. 14; Schills v. McEwen, Ill. Syn. Rep. 85.

As to the burden of proof being upon him who avers a material fact: 1 Greenleaf's Ev. § 74; Starkie on Ev. 586; McClure v. Pursell, 6 Ind. 334.

An instruction that the jury might award punitive damages was not warranted by the evidence in this case: Waldron v. Marcier, 82 Ill. 550; T. P. & W. R. R. Co. v. Patterson, 63 Ill. 304.

The instruction as to discrediting a witness was proper, and should have been given unmodified: U. S. Ex. Co. v. Hutchins, 58 Ill. 44; Ammerman v. Teeter, 49 Ill. 400; McClure v. Williams, 65 Ill. 390.

Messrs. Dent & Black, for appellee; that the burden was upon defendant to show that he did not agree to perform the services gratuitously, cited 2 Greenleaf's Ev. § 32; American v. Rimpert, 75 Ill. 228; Howard v. Bennett, 72 Ill. 297; Clay F. & M. Ins. Co. v. Wusterhausen, 75 Ill. 285; Pettis v. Westlake, 3 Scam. 536.

As to the instruction upon the question of damages: Story on Agency, § 338; Bartlett v. Board of Education, 59 Ill. 364.

The court may modify an instruction if erroneous: Morgan v. Peet, 32 Ill. 281.

The instruction as to discrediting a witness was erroneous:

Chicago v. Smith, 48 Ill. 107; Brennan v. The People, 15 Ill. 511; Crabtree v. Hagenbaugh, 25 Ill. 233; Chittenden v. Evans, 41 Ill. 251; May v. Tallman, 20 Ill. 443; Roth v. Smith, 54 Ill. 431; Cossitt v. Hobbs, 56 Ill. 231; Henneberry v. Morse, 56 Ill. 394; Davis v. Willson, 65 Ill. 525.

WILSON, J. This was an action on the case, brought by appellee, Jemima Ream, against appellant, Samuel J. Doggett, to recover moneys alleged to be wrongfully withheld by Doggett from appellee. Verdict and judgment for $500 were rendered in the court below for the plaintiff, and Doggett brings the case to this court by appeal.

The declaration contains two counts. The first count alleges, in substance, that on the first day of June, 1878, the plaintiff, at the request of defendant, employed him as her agent in the matter of collecting certain moneys then due from the New York Life Insurance Company, and authorized him to collect the moneys in plaintiff's behalf; that thereafter the defendant, acting as agent for and in plaintiff's behalf, received from the company $5,000, which he ought to have paid over to plaintiff; but he wrongfully and fraudulently refused to pay over and deliver the money, and converted to his own use $500 thereof.

The second count alleges the same employment, and that thereafter the defendant, as such agent, collected from the company $5,000 for the plaintiff, which it became his duty to pay over to the plaintiff; yet that, disregarding his duty, although requested, defendant refused to pay over the money, but converted $500 thereof to his own use; that upon such wrongful refusal plaintiff offered and proposed that he might retain $150 in view of the services rendered by him, if he would at once pay over the balance, which sum it is averred was more than a reasonable compensation for his services; but defendant refused to accept the same and pay over the sum of $350, or any part thereof, and has hence hitherto always wrongfully withheld and coverted to his own use the sum of $500.

The principal contention in the court below was as to the terms upon which the defendant was to undertake the collec-

Doggett v. Ream.

tion; the plaintiff claiming that he was to do it gratuitously while the defendant claimed that he expected to receive a reasonable compensation for his services. The jury evidently adopted the plaintiff's theory, and gave her a verdict for the whole amount claimed. If the case turned upon the correctness of the finding of the jury under proper instructions, we should see no ground for reversing the judgment; but we think the second instruction given on the part of the plaintiff was erroneous, and was calculated to mislead the jury. It appears from the evidence that the plaintiff was the holder of a policy of insurance on the life of her son, in the New York Life Insurance Company, for the sum of $10,000. The son having died shortly after the policy was taken out, and some question having been raised as to whether payment might not be resisted by the company, an arrangement was entered into between the plaintiff, Mrs. Ream, and Mr. Doggett, who was a neighbor and friend of the family, under which Doggett was to act as the agent of Mrs. Ream in adjusting the claim against the insurance company. A compromise upon the payment by the company of $5,000 was soon after agreed upon, with the approval of Mrs. Ream; the money was paid over to Doggett, by the insurance company, and he in turn paid $4,500 of the amount to Mrs. Ream; retaining $500, which he claimed as compensation for his services in making the collection. The balance thus remaining in his hands was demanded of him by Mrs. Ream, which he refused to pay; and after the failure of two or three efforts to adjust the matter, this suit was brought, with the result above stated.

It is alleged in the plaintiff's declaration, and is not disputed, that the defendant was employed by the plaintiff, as her agent, to make the collection; nor is it denied that he rendered services in making the collection. The only contest was as to whether or not the defendant agreed to render his services gratuitously; and to that question the evidence was solely directed.

The second instruction given on the part of the plaintiff was as follows: "If the jury believe from the evidence that the defendant received five thousand dollars of the moneys of the plaintiff, as the agent of the plaintiff, and which it was his duty

to account for to the plaintiff, then the burden of proof is upon the defendant to show either that there was an agreement by the plaintiff that the defendant might retain the amount which was retained by him, or that there was an agreement, express or implied, allowing him to retain the amount which his services should reasonably be worth, and that the services rendered by him to the plaintiff were reasonably worth the amount so retained by him; otherwise, the verdict should be for the plaintiff."

The fault in this instruction is that it improperly shifts the burden of proof from the plaintiff to the defendant. It was an uncontroverted fact that the defendant performed services for the plaintiff at her instance and request. Where services are rendered at the request of another, or under circumstances showing an acceptance of such services and the benefits arising therefrom, the law implies a promise to pay for the services; and in the absence of any agreement as to the amount of compensation, the law also implies a promise on the part of the employer to pay what the services are reasonably worth. 2 Parsons on Contracts 46; Newell v. Keith, 11 Vt. 214.

These principles are elementary. It being conceded that Doggett was employed by the plaintiff to make the collection, and that he had rendered services for her under his employment, the law implied a promise on the part of the plaintiff to pay him what his services were reasonably worth. In order to rebut the legal presumption of a promise to pay a reasonable compensation, the burden was on the plaintiff to show that Doggett had agreed to render the services without compensation; but the instruction tells the jury that if the defendant received the plaintiff's money, the burden of proof was on the defendant to show either that there was an agreement by the plaintiff that the defendant might retain the amount which was retained by him, or that there was an agreement allowing him to retain the amount which his services were reasonably worth. In substance, the jury were instructed that the burden was upon the defendant to show that he did not agree to perform the services gratuitously. The plaintiff claimed that the defendant agreed to perform services without compensation.

Doggett v. Ream.

If such was the agreement, the affirmative was upon the plaintiff to prove it, and not upon the defendant to disprove it. He who avers a material fact must prove it, and not he who denies its existence. 1 Greenl. Ev. Sec. 74.

We think the instruction, by wrongfully shifting the burden of proof, was clearly erroneous, and was calculated to mislead the jury.

Error is assigned by the appellant on the action of the court in refusing to give the defendant's third instruction as asked, and giving it as modified by the court. The instruction as asked was as follows: "The jury is further instructed that if they believe, from the evidence, any witness on behalf of the *plaintiff* has willfully testified.falsely with regard to any material fact in the case, then the jury have the right to utterly disregard the whole testimony of such witness, unless such witness is corroborated by other testimony; *and if you believe from the evidence that Jemima Ream testified falsely on any material point, then you have the right to utterly disregard her whole testimony entirely, unless you further find that she has been corroborated by other testimony.*"

The court modified the instruction by striking out the word *plaintiff* and the other italicised words, and gave it as follows: "The jury is further instructed that if they believe from the evidence, any witness on behalf of *either party* has willfully testified falsely with regard to any material fact in this case, then the jury have the right to utterly disregard the whole testimony of such witness, unless such witness be corroborated by other testimony."

That the instruction, as asked, was erroneous is obvious. It tells the jury that if the witness, Jemima Ream, has testified falsely on any material point, the jury may disregard her testimony entirely. She may have made a misstatement through mistake or misapprehension, but with entire honesty of purpose. The false swearing which discredits a witness must be done knowingly or willfully, and the court properly qualified the instruction in that regard.

But the main ground of appellant's objection to the action of the court was, as claimed by him, the appropriation of an

instruction drawn in his behalf, and perverting it by making it apply to the witnesses of either party. It is sufficient to say that the instruction as asked was improper, and the court rightfully refused to give it. Appellant cannot complain at the refusal of the court to give an instruction asked by him which did not enunciate a correct rule of law. Having refused the instruction as asked, if the court saw fit to use it, or portions of it, in framing a proper instruction, we are not aware of any rule of practice which forbids it. It becomes in substance the giving of a new instruction by the court on its own motion; and this the court may always do, subject to the right of either party to except to the matter of the instruction, as in other cases.

For the error of the court in giving the plaintiff's second instruction, the judgment of the court below is reversed, and the cause remanded for a new trial.    Reversed and remanded.