INHABITANTS OF VINALHAVEN *vs*. INHABITANTS OF LINCOLNVILLE.

Knox.    Opinion November 9, 1886.

*Paupers. Pauper supplies. Rent.*

Where a tenant at will whose rent was payable monthly at the end of each month, neglected to pay for January and February, and on March 21 the landlord threatened immediate expulsion unless he then paid for the three months; and thereupon, at the tenant's request the overseers of the poor paid it. *Held* that all the rent thus paid was simply the debt of the tenant and not pauper supplies.

ON REPORT of facts agreed.

An action for alleged pauper supplies which the plaintiff town claims to have furnished one Sylvanus Richards and family.

The following is a copy of the letter from the pauper to the overseers referred to in the opinion. Other facts are stated in the opinion.·

"Vinalhaven, March 21, 1884.

"Mr. L. W. Smith, Sir:—I give Joseph Lane order on the selectmen of this town for three months' rent from the first of January up to the first of April one 1.50 cts. a month, and don't you pay them any more than the 3 months' rent, for I can pay my rent after that myself.          From S. Richards."

To L. W. Smith."

*C. E. Littlefield*, for plaintiffs.

A house to live in is one of the necessaries of life. *Lee* v. *Winn*, 75 Maine, 467.

The pauper knew he was receiving it as a pauper supply for he gives a written order therefor. He was in need, and was unable to pay either what he owed for rent or for the month of March and this appears by the order, and the investigation and determination of the overseers. This covers the whole ground — actual need — application for supplies — furnishing by the overseers as such and payment by them.

Whether or not these were pauper supplies is a question of intention. It is the intent with which they are received and

furnished that gives to the supplies their legal character. *Veazie* v. *Chester*, 53 Maine, 29.

The rent for March was a necessary, not then furnished but in the process of being furnished, and was actually furnished by the plaintiff and at the request of the pauper.

If rent is a proper subject for pauper supplies — a necessary for a man with a family — we do not see how it is possible for this rent for March to be held as other than pauper supplies, furnished the pauper — Richards.

*J. H. Montgomery*, for the defendants, cited : *Sohier* v. *Eldridge*, 103 Mass. 345 ; *Dexter* v. *Phillips*, 121 Mass. 180 ; *Robinson* v. *Deering*, 56 Maine, 357 ; *Windham* v. *Portland*, 23 Maine, 412.

VIRGIN, J. The alleged pauper was to pay $1.50 per month payable at the end of each month. The rent for January and February was due and unpaid. On March 21, the landlord demanded payment of the rent due for January and February and also for March (not due till ten days thereafter) or immediate expulsion from the tenement. Thereupon the tenant drew an order for the rent of the three months on the overseers, which they, after ascertaining the tenant's destitution, paid. Did this rent constitute pauper expenses recoverable of the town in which the tenant had his settlement?

Although the letter of March 21, sent to the chairman of the overseers was a sufficient application (under R. S. c. 24, § 2), and a house to live in is a proper element of pauper relief (*Lee* v. *Winn*, 75 Maine, 465), still we think the payment of this rent under the circumstances by the plaintiffs' overseers was not such a relief as is contemplated by the statute.

The payment by a town of the debts of one however destitute even at the debtor's request, cannot constitute the furnishing of of pauper supplies. The payment of rent by the plaintiffs was simply payment of the pauper's debt. The tenancy was one at will created by a contract between the pauper and his landlord. The credit for the rent was given to the tenant. Rent for January and February was overdue and no one liable therefor

except the tenant. He had occupied two-thirds of March and was alone liable for the whole month, when he was threatened with unlawful expulsion unless he then paid the overdue rent as well as that which would not be due until ten days thereafter. No rent could then be collected for March as "it could not be apportioned in respect of part of the time," (*Cliens' Case*, 10 Coke) although the tenancy was one at will. *Robinson v. Deering*, 56 Maine, 357.

Instead of a tenement, suppose a grocer had, in accordance with an agreement, delivered to the pauper a barrel of flour a month payable at the end of each month. And on March 21, demanded payment of the three barrels, or the removal from the pauper's possession the remainder of the unused barrel. In such case, the flour would be furnished on the credit of the pauper and become his on delivery. No part of the last barrel could be lawfully taken from him. Payment by the town, on the request of the pauper, would be nothing less than payment of his individual debts, and not in any legal sense the furnishing him with pauper supplies. The whole expense had been incurred by the pauper and none by the town. *Windham v. Portland*, 23 Maine, 412.

*Plaintiff's nonsuit.*

PETERS, C. J., DANFORTH, LIBBEY, FOSTER and HASKELL, JJ., concurred.