DAVID I. GRAPES *v.* JOHN ROCQUE.

November Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 4, 1923.

*Interest—When Interest Commences on a Demand Note—Alteration of Instruments—Insertion of Words "With Interest" As a Material Alteration—Only Findings in Record Considered on Review—Necessity of Procuring Finding As to Ratification of An Alteration—Pleading—Burden of Proof —Knowledge of Alteration of A Note Not Presumed to Support Judgment When Findings Silent on The Subject.*

1.  Where a demand note contains no reservation as to interest it bears interest from demand only, because interest, unless stipulated for, is only allowed as damages in default of payment, and the maker is not considered in default until payment is demanded or suit is brought, which is a judicial demand.

2.  Where a demand note as originally executed contained no provision as to interest and thus did not bear interest from its date, the addition thereto of the words "with interest" was a

material alteration under the Negotiable Instruments Act and invalidated the note unless it was ratified by the maker.

3. Where a case triable by a jury is tried by a court, it is controlled by G. L. 2259, which provides that the facts found by the court upon which judgment is rendered shall be reduced to writing, be signed by a majority of the court, and be filed with the clerk, and that other or different facts at issue in the cause so tried, except such as relate to the admission of evidence shall not be allowed in the bill of exceptions, hence where plaintiff claimed ratification of a material alteration in a promissory note, by a tender claimed to have been made by the defendant, and the findings were silent as to such a tender, the Supreme Court on review was governed by the record and could not supplement the facts by scanning the transcript in which it was claimed the fact of tender appeared.

4. In an action on a promissory note, in a case triable by a jury but tried by the court, if the plaintiff desired to rely in the Supreme Court upon a ratification of an alteration in such note he should have procured a finding on that subject, or failing in that, should have presented the question for its consideration in some other proper way.

5. When ratification, by tender or otherwise, is relied upon to meet the defense of material alteration in an instrument, the plaintiff is not only bound to plead such ratification, but has the burden of proving it.

6. The Supreme Court will not presume in support of a judgment, the contrary not appearing, that the defendant knew of an alteration in a promissory note when it was made, and directed, assented to or ratified it, where the findings are silent on that subject, and the question is not presented for the Court's consideration in some other proper way.

ACTION OF CONTRACT, to recover on a promissory note. Pleas, a material alteration after delivery of the note, without the direction, knowledge or consent of the defendant; and want of consideration. Trial by the court, at the December Term, 1921, Caledonia County, *Willcox,* J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case. *Reversed and remanded.*

*A. W. Farman* for the defendant.

*Porter, Witters & Longmoore* for the plaintiff.

SLACK, J.   This is an action of contract in the form of general assumpsit to recover on a promissory note the material parts of which, as appears from the specification filed with the writ, are as follows:

"$900.00                       ·Newport, Vermont, October 8, 1920.

On demand we each as principal jointly and severally promise to pay the David I. Grapes, Nine Hundred Dollars, with interest, at its Banking Rooms in Barton, Vermont.   *   *   *

John T. Rocque."

and two small items not involved in the questions presented for review.

The defendant pleaded in bar, that the note had been altered since it was delivered to the plaintiff by some person other than the defendant and without his direction, knowledge or consent, by inserting the words, "with interest"; and want of consideration for the note, due to the fact that the automobile for which it was given in part payment, was not as represented by the plaintiff at the time of the sale thereof to the defendant.   Issue was joined on these pleas.   The trial was by court.

At the opening of the trial, the plaintiff admitted that he wrote into the note the words "with interest," but he claimed in that connection that the addition of these words did not constitute a material alteration, because the note "was with interest in any event."   Following this admission, the note, after being identified by the plaintiff, was offered in evidence, and its admission was objected to by the defendant on the ground that the admitted alteration invalidated it under the provisions of the Uniform Negotiable Instruments Act, which was stoutly denied by the plaintiff, solely, on the ground previously stated by him, namely, that the note as originally written bore interest from its date.   The court held that the alteration was not a material one within the meaning of the statute, and "in no way modified the legal import of the note itself," and admitted it in evidence, subject to the defendant's exception.   So far as appears, the validity of the note was not thereafter referred to during the trial, nor is it referred to in the findings which relate solely to

facts pertaining to the issue raised by the defendant's second plea. The findings being adverse to the defendant on the issue raised by his second plea, the plaintiff had judgment for the full amount of his specification, to which defendant saved an exception.

[1] The first question for review is whether the admitted alteration of the note constituted a material alteration within the meaning of the Uniform Negotiable Instruments Act. The provisions of that act which are material to this question are found in G. L. 2993 and 2994. The former provides, "Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent indorsers"; The latter provides, "Any alteration which changes: I. The date; II. The sum payable, either for principal or interest; * * * * is a material alteration." The test of the materiality of the alteration is, therefore, whether it changed the sum payable for interest, and this depends, solely, upon whether the note in its original form bore interest from its date, as claimed by the plaintiff. If it did not the alteration was a material one, and, unless ratified by the defendant, invalidated the note. The question of when a demand note which contains no reservation of interest begins to draw interest has received little attention, if any, by the courts in recent years. Presumably the question has been considered as settled by the early decisions which hold, almost without exception, that such notes bear interest from demand only. This rule is recognized, too, by most, if not all, text writers. Randolph on Commercial Paper, vol. III, § 1710, and cases there collected; Byles on Bills & Notes, 309; *Adams* v. *Adams,* 55 N. J. Eq. 42, 35 Atl. 827; *Horn* v. *Hansen,* 56 Minn. 43, 57 N. W. 315, 22 L. R. A. 617; *Scudder* v. *Morris,* 3 N. J. Law 419, 4 A. D. 382; *Freeland* v. *Edwards,* 3 N. C: 49, 2 A. D. 620; *Cannon* v. *Beggs,* 1 McCord (S. C.) 370, 10 A. D. 677; *Bishop* v. *Sniffens,* 1 Daly (N. Y.) 155; *Van Vliet* v. *Kanter,* 139 App. Div. 603, 124 N. Y. S. 63; *Patrick* v. *Clay,* 4 Bibb. (Ky.) 246; *Nelson* v. *Cartmell,* 6 Dana (Ky.) 7. This rule is recognized in *Gleason* v. *Briggs,* 28 Vt. 135, as applicable to debts payable on demand whether such debt is evidenced by a note or not. The cases which hold that the statute of limitations begins to run from the date of a demand note are not in point.

The reason is obvious.   The statute of limitations begins to run from the date of such a note because the note is suable as soon as delivered.   Interest does not begin to run from the date of such a note, - unless expressly reserved, because interest, unless stipulated for, is only allowed as damages in default of payment, and the maker is not considered in default until payment is demanded or suit is brought, which is a judicial demand.   For a discussion of what constitute material alterations in general see *Gray* v. *Williams et al.,* 91 Vt. 111, 99 Atl. 735.

[2]   We hold that the note in its original form did not bear interest from its date and, consequently, the alteration was a material one and invalidated the note unless it was ratified by the defendant.

[3, 4]   The plaintiff contends that the defendant made a tender on the note after this suit was brought which constituted a ratification by him of the alteration and precludes him from now challenging the validity of the note.   The answer to this is that there is nothing in the record which is before us to show that a tender was made.   The findings are silent on this subject.   We are bound by them, and cannot, as was said in *Powell* v. *Merrill,* 92 Vt. 124, 103 Atl. 259, "supplement them by scanning the transcript," the only place where it is claimed the fact of a tender appears.   The plaintiff overlooks the fact that the case was one triable by jury and, therefore, is controlled by G. L. 2259 which provides that when such a case is tried by the court the facts found by the court upon which judgment is rendered shall be reduced to writing, be signed by a majority of the court, and be filed with the clerk; and that other or different facts at issue in a cause so tried, except such as relate to the admission or rejection of evidence, shall not be allowed in the bill of exceptions.   If the plaintiff relied upon a ratification of the alteration he should have procured a finding on that subject, or, failing in that, should have presented the question for our consideration in some proper way.   But if it was permissible to look into the transcript it would show that he did not rely upon a ratification in the court below.   The fact that a tender was made did not appear until after the note had been received in evidence, and manifestly was not treated or considered by the court or counsel as a ratification but only as affecting the plaintiff's recovery under defendant's second plea.

[5]   Moreover, when ratification, by tender or otherwise, is relied upon to meet the defense of material alteration, the plaintiff is not only bound to plead it (*Erickson* v. *Oakland First National Bank*, 44 Neb. 622, 62 N. W. 1078, 28 L. R. A. 577, 48 A. S. R. 753), especially, if, as in the instant case, he has an opportunity to do so, but he has the burden of proving it.   The record would show, if we were permitted to go back of the findings that the plaintiff failed to meet either of these requirements.

[6]   The plaintiff insists that we must presume in support of the judgment, the contrary not appearing, that the defendant knew of the alteration when it was made, and directed, assented to or ratified it.   What we have already said disposes of this claim.

The admission of the note, in the circumstances, was reversible error.

*Reversed and remanded.*