TOWN OF PANTON *v.* WILLIAM H. NOONAN, ADMINISTRATOR OF ESTATE OF EDWARD J. BUTLER.

May Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 7, 1941.

*Wayne C. Bosworth* for defendant.

*J. Boone Wilson, Charles F. Black* and *Willsie E. Brisbin* for plaintiff.

SHERBURNE, J. In this cause the plaintiff seeks to recover from the estate of Edward J. Butler, of which the defendant is administrator, for certain disbursements made or contracted for the said Butler in his lifetime. From the findings and judgment in favor of the plaintiff the defendant has excepted.

It appears from the findings, which, except as to the conclusions therefrom, are based upon an agreed statement of facts, that at all times here material Butler had a pauper residence in

plaintiff town and was a poor person in need of assistance, although long prior to his being assisted he had acted as administrator of the estates of his father and mother, and the probate court had decreed to him as the only child all the assets. That among the assets in each estate were funds in the Burlington Savings Bank in the amount of several thousand dollars, which from the dates of the final decrees in these estates, the last being January 17, 1908, until the death of said Butler on February 13, 1935, were held in the bank in savings accounts standing in the name of Butler as administrator.

The plaintiff expended $398.00 for board and medical services for Butler to which no objection is here made, except for interest thereon.

On May 10, 1933, the Addison County Trust Company held a mortgage on the premises owned and occupied by Butler, which was in excess of the value of the property and was in default, and the Trust Company threatened foreclosure and ejectment; whereupon Butler made application to the plaintiff town for assistance, and with his permission and at his request the plaintiff on this date paid to the Trust Company the sum of $105.96, of which amount $105.00 covered interest upon the mortgage for the period from September 15, 1932, to March 15, 1933, and 96¢ represented interest on interest from March 15, 1933, to the date of payment; and on September 27, 1933, the plaintiff in like manner paid the Trust Company the further sum of $105.00 for interest from March 15, 1933, to September 15, 1933. These payments were made by the plaintiff to prevent the foreclosure and ejectment of Butler from the property and to provide him with lodging, and, in the judgment and discretion of the overseer of the poor of the plaintiff town, the plaintiff by these payments did provide Butler with suitable lodging at a less cost than by trying to find lodging for him elsewhere, and the said payments were made in an effort to lend aid to, and help him.

On January 10, 1934, the plaintiff paid the probate court the sum of $9.50 as court fees in connection with the appointment of a guardian over Butler. This payment was made by plaintiff's overseer of the poor in an effort to conserve what little property Butler had (as then known to the plaintiff town), and particularly to try to save the equity of redemption of the property upon which Butler was living.

The deposits in the Burlington Savings Bank were not discovered until 1939, when the defendant was appointed administrator of Butler's estate. All of the enumerated payments were made by the plaintiff town without any knowledge of the assets contained in the estates of Butler's father and mother, and it would not have made them had it known of them. The court found that Butler was at the time of his death a property owner within the meaning of P. L. 3928, and that all of the enumerated items were proper items of recovery, and allowed them against the estate, together with interest from February 13, 1935, to date of death, except for two small items on which interest was only allowed from February 15, 1935, and February 28, 1935, the dates when payments previously contracted were actually made.

In his brief the defendant only objects to the recovery of the payments made to the Trust Company and to the probate court, and to the recovery of interest. His objection to the Trust Company items is that they are not proper poor assistance, but are rather items representing merely payments of debts which cannot be classified as pauper supplies. His authorities support the proposition about the payment of debts merely (see *Inhabitants of Vinalhaven* v. *Inhabitants of Lincolnville,* 78 Me. 422, 6 Atl. 600), but he overlooks the full import of the findings and the proper inferences to be drawn therefrom in support of the judgment. The clear import of the findings is that each payment of interest upon the mortgage staved off foreclosure and ejectment until the next interest payment was due six months later, and that such payments were made for the purpose of providing Butler with lodging during the extended periods, and that in the judgment and discretion of the overseer of the poor suitable lodging was provided at less cost than it could otherwise have been provided. P. L. 3920 provides that the overseer of the poor shall have the care of the poor and indigent persons, and shall see that they are suitably relieved and supported and employed, either in the poorhouse provided by the town, or in such other manner as the town directs, "or otherwise at the discretion of the overseer." We think that such method of providing lodging in the future was within the discretion of the overseer, and hold that these payments are proper items for recovery.

No question is made that because of the money in the bank Butler was not a poor person in need of relief, so we need not

pass upon the question of whether the estate is estopped to deny that he was in need of relief as suggested by the plaintiff. Neither need we determine whether regardless of P. L. 3928 the plaintiff is entitled to recover because the money may have been paid under a mistake of fact.

■ P. L. 3219 authorizes the appointment of a guardian over a person mentally incapable of taking care of himself or his property upon the application of the overseer of the poor, and it may be that the item of $9.50 for probate fees could be paid by the guardian, and in turn allowed to him in the settlement of his account as guardian; but upon the findings of fact it is difficult to see how this item could properly be allowed by the commissioners on this estate. Nothing appears to show that the payment afforded Butler any assistance. There is nothing upon which to base an estoppel, nor can the payment be recovered upon the ground of mistake or unjust enrichment, as, if for no other reasons, it does not appear that Butler knew of, or requested, the payment, or that it was of any benefit to him or to his estate. This item should not have been allowed.

The basis of recovery in this case is P. L. 3928, which provides: ''Upon the death of a property owner who has been assisted by a town * * *, such town may recover against his estate the amount it has expended for such assistance, in an action of contract, on this statute, in the name of such town.'' As the statute does not mention interest it is contended that interest cannot be recovered until the amount of the claim has been judicially determined. Although Butler died in 1935, administration was not taken out upon his estate until 1939, and it is contended that the administrator cannot be in default until the appeal is settled.

■ In the absence of a contract concerning it, interest does not begin to run until the defendant is shown to be in default. *Tyrrell* v. *Prudential Ins. Co. of America,* 109 Vt. 6, 17, 192 Atl. 184, 115 A. L. R. 329; *Grapes* v. *Rocque,* 96 Vt. 286, 290, 119 Atl. 420; *Evans* v. *Beckwith,* 37 Vt. 285, 289; *Sprague* v. *Sprague's Estate,* 30 Vt. 483, 491; *Brainerd* v. *The Champlain Trans. Co.,* 29 Vt. 154, 156; *Newell* v. *Executor of Keith,* 11 Vt. 214, 219, 220. The debtor is not considered in default until payment is demanded or suit is brought, which is a judicial demand. *Grapes* v. *Rocque, supra.* But where a claim which does not draw interest is one proper to present to commissioners upon an estate,

the claimant is necessarily subject to the delay attending the settlement of estates, and should be allowed interest from the time of death. *Newell* v. *Executor of Keith, supra*; *Sprague* v. *Sprague's Estate, supra*. In such a case the presentation of a claim to the commissioners relates back to the time of death, and is a judicial demand as of that date.

██ ██ In this connection the statute must be construed with other sections in Chapter 160 of the Public Laws relative to the support of paupers. P. L. 3923, relative to recovery against the town ultimately liable for the expense of support of a pauper, says nothing about interest, yet in *City of Barre* v. *Town of Bethel*, 102 Vt. 22, 145 Atl. 410, interest was allowed. P. L. 3926 relative to the support of transient persons says nothing about interest, yet in *St. Albans Hospital* v. *City of St. Albans*, 107 Vt. 59, 176 Atl. 302, interest was allowed from the date of the writ. Interest was properly allowed in this case.

No question or claim is made that the amendment of P. L. 3928 by No. 61 of the Acts of 1937 affects the right of recovery in this case.

██ In Probate appeals costs may be denied when in the opinion of the court justice requires it. P. L. 3017. Since neither party has prevailed in full in this Court, we think it just that neither party be allowed costs.

*Judgment affirmed except as to the amount recovered; as to that reversed and judgment that the plaintiff recover $608.96, with interest upon $597.96 of this sum from February 13, 1935, with interest upon $9.00 from February 15, 1935, and with interest upon $2.00 from February 28, 1935, without costs in this Court. Let the result be certified to the probate court.*