## Marietta Silos v. Mark D. Prindle and Hazel W. Prindle

[ 237 A.2d 694 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 5, 1967

Reargument denied January 17, 1968

*Wick, Dinse & Allen,* Burlington, for the Plaintiff.

*Gravel, Bing & Shea,* Burlington, for the Defendants.

**Shangraw, J.** In this action the plaintiff seeks to recover the contract price of a concrete silo erected by the plaintiff on the defendants' farm property. The case was tried by court and findings of fact were filed. Judgment was granted in favor of the defendants. Plaintiff has appealed.

Without reciting the details the trial court found certain defects in the construction of the silo. The findings recite that evidence was introduced by the plaintiff as to the cost of repairing the defects, and that defendants introduced evidence as to the reduced value of the silo by reason of the defects. The court concluded by stating that it "* * * is unable to find the damage figure of either party to be credible."

By finding 23 the trial court went on to state "The court is forced to resolve the dispute on the basis of the plaintiff's failure to have carried the burden of proving the amount it is entitled to receive, which amount is the contract price reduced by the fair and reasonable cost of making the repairs found to be necessary."

A judgment order in favor of the defendants followed reciting therein "* * * for that the plaintiff has failed to carry the burden of proving the amount it was entitled to receive; and the court is therefore unable to award damages in any amount."

Plaintiff contends that the trial court erroneously ruled that the burden of proof was upon the plaintiff to show the amount by which the contract price should have been reduced by reason of the defects. On the contrary, it urges that this burden was cast upon the defendants, and not upon the plaintiff. This is the only point for our consideration.

In the case of *Vermont Structural Steel Corp.* v. *Brickman,* 126 Vt. 520, 236 A.2d 658, decided at this term of our Court, the precise question was in issue and it was therein held that such burden rested on the defendants, and not the plaintiff. The above case is full authority for the same holding here. Beyond that, in the present case there is a finding to the effect that the contract had been substantially performed by the plaintiff.

Error appears. There must be a retrial.

*Judgment reversed, and cause remanded.*

## On Motion for Reargument

On motion for reargument the plaintiff in substance claims that the trial court found substantial performance of the contract on the part of the plaintiff and that the defendants had failed to introduce any evidence concerning the amount the contract price should be reduced by reason of the claimed defects in the silo. On this basis it is urged in the motion that a retrial of the case, as ordered by this Court, is unnecessary.

In the original briefs the plaintiff urged that the judgment rendered by the lower court in favor of the defendants should be reversed, and that judgment be given the plaintiff.

The contract price of the silo was $4,138.00. The trial court found the presence of certain defects in its construction. Plaintiff introduced evidence that the cost of remedying the claimed defects would be only $25.00. The defendants' evidence was that the defects reduced the value of the silo to one-half of its cost. The trial court stated in its findings that it was unable to find the damage figure of either party to be credible.

Notwithstanding the fact that the findings, taken as a whole, generally reveal that the contract had been substantially performed by the plaintiff, the erroneous view taken by the lower court placed the burden of proving the amount by which the contract price should be reduced by reason of the claimed defects on the plaintiff, and not the defendants where it rightfully belonged. *Vermont Structural Steel Corp.* v. *Brickman,* 126 Vt. 520, 236 A.2d 658.

Admittedly, the defendants are entitled to show the amount by which the contract price should be reduced by reason of the defects and omissions as found by the trial court. As the record now stands we have no such evidence in the case. In all fairness to the defendants there should be a retrial.

*Motion for reargument denied. Let full entry go down.*