## Vermont Structural Steel Corporation v. Herbert Brickman and Joyce Brickman

[ 236 A.2d 658 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 5, 1967

*A. Pearley Feen* for plaintiff.

*John J. Deschenes* for defendants.

**Shangraw, J.** This action was brought in Chittenden County Court by the plaintiff to perfect a mechanic's lien securing a balance allegedly owing for kitchen equipment and appliances supplied under a written contract for installation in the defendants' home in Colchester, Vermont.

The defendants admitted the lien, but by their answer claimed nonperformance of the contract by plaintiff in certain particulars, denied the indebtedness sought to be recovered, and included a claim in set-off of $2,500 for damages by reason of plaintiff's failure to complete the contract on date expressed therein.

The case was tried by court and findings of fact were filed. A judgment order was later issued by which judgment was entered for the defendants on plaintiff's claim, and judgment for the plaintiff on the defendants' claim in set-off. Plaintiff has appealed.

The purpose of the contract was to provide the defendants with a "custom kitchen" at the agreed price of $4,717.58, of which defendants had paid $1,580.

Following are the specific defects in the plaintiff's performance of the contract as claimed by the defendants and as found by the trial court: The countertops did not fit in that there was an overlapping, and the joints did not meet; a chopping block and dishwasher panel were never delivered; the refrigerator had a broken shelf and a crack at the bottom; the stove contained a clock which did not fit; and the plaintiff did not service the stove, refrigerator and washing machine

as required under the contract. Dispute also arose as to whether the cabinet moldings were to be white or brown. Brown moldings were supplied contrary to the wishes of the defendants.

By conclusionary findings the trial court found that it was unable to find that plaintiff properly performed that portion of the contract with reference to the furnishing of countertops. The court further determined that plaintiff failed to perform its contract concerning the chopping block, refrigerator, stove, washing machine, cabinet moldings, and its contract of service.

Of the above defects or shortages found by the trial court, there is only evidence of the cost of furnishing the dishwasher panel. This evidence was introduced by the plaintiff. The court found its reasonable value to be $57.00.

Other than the foregoing no evidence was introduced by either party as to the cost of remedying the claimed defects or supplying the shortages. Lacking such evidence no finding was or could be made by the trial court of the amount by which the contract price should be reduced by reason of the non-performance by plaintiff. The cost of completing the contract according to its terms does not appear, and leaves unanswered the issue as to whether or not plaintiff had failed to substantially perform the contract.

The judgment order in part reads:

"1. Judgment is for the defendants on plaintiff's complaint:

2. Judgment is for plaintiff on defendants' claim in set-off;"

As a basis for its judgment order, the trial court, in its findings, took the following view:

"17) the burden of proof is upon the plaintiff to show proper performance of the contract and, if there is a failure of performance in any respect, evidence upon which the court can make a finding of the amount by which the contract price is to be reduced. The court finds that the plaintiff has not carried its burden of proof in that there are some defects as above found, and there is no evidence to support a finding of the amount by which the contract price must be reduced.

18) The defendants have complained in set-off. The court is unable to make any findings from the evidence which would sustain the defendants burden in this respect."

The plaintiff contends that the trial court erroneously ruled and concluded that the burden of the proof was upon the plaintiff to show the amount by which the contract price should have been reduced by reason of the defects and omissions occasioned by plaintiff's non-performance of the contract in the particulars as set forth in the findings.

Plaintiff claims that the judgment perpetuates the erroneous conclusion stated in finding 17, and that the burden of proving the amount by which the contract price should be reduced was upon the defendants and not cast upon the plaintiff. This is the only issue for our consideration.

The plaintiff claimed substantial performance of the contract and it was upon this theory that plaintiff's case was presented. For a discussion of the doctrine of substantial performance attention is called to *Kelly & Bragg* v. *Town of Bradford,* 33 Vt. 35. At page 38 of the opinion the following statement appears:

"The doctrine is firmly established in this State, that where a contract has been substantially though not strictly performed— where the party failing to perform according to the terms of his contract has not been guilty of a voluntary abandonment or wilful departure from the contract, has acted in good faith, intending to perform the contract according to its stipulations, but has failed in a strict compliance with its provisions, and where from the nature of the contract and of the labor performed, the parties cannot rescind, and stand in *statu quo,* but one of them must derive some benefit from the labor or money of the other—in such case the party failing to perform his contract strictly may recover of the other, as upon a *quantum meruit,* for such a sum only as the contract as performed has been of real and actual benefit to the other party, estimating such benefit by reference to the contract price of the whole work."

In a contract, such as here, we hold the true rule to be that if there has been a substantial performance of the contract, even though there is a failure in some minor particulars, the contract price may be recovered, less a fair allowance to make good the defects. Where the innocent party has received partial performance and substantial benefit it would be unjust to allow him to avoid his contractual duties altogether because the performance of the other party is interrupted short of completion by a breach. *Cushman* v. *Outwater,* 121

Vt. 426, 433, 159 A.2d 89. Whether there has been a substantial performance of a contract is ordinarily one of fact. We have no findings from which it may be inferred that the contract in question had not been substantially performed.

■ Plaintiff's evidence indicated that the only detail of the contract which had not been completed was the furnishing of a front panel for a dishwasher which had been delivered in the wrong color and that its value was $57.00. It further appears from the plaintiff's evidence, by reference to the contract price, that the defendants have received a real and actual benefit from the work, material and appliances supplied by the plaintiff.

■ On this state of plaintiff's evidence the burden of proof shifted to the defendants to establish that the plaintiff so failed in performing its contract that nothing was due or owing. If this defense could not be established, then it was incumbent on the defendants to prove in what amount the contract price should be offset by the defects proved. Both of these questions were matters in defense. *Daigle* v. *Conley,* 121 Vt. 305, 309, 155 A.2d 744; *Davenport* v. *Hubbard,* 46 Vt. 200, 206. The statement in finding 17 to the effect that the burden is on the plaintiff to prove the amount by which the contract price should be reduced, "if there is a failure of performance in any respect" was error. It appears from this finding that the trial court misapplied the doctrine of substantial performance.

Whether the defects, referred to in finding 17, were of such substance as to avoid the contract is left unanswered. This fact must be established, one way or the other, for it is determinative of the plaintiff's right to recover on *quantum meruit.*

■ It follows that paragraphs one and two of the judgment order are inconsistent and unsupported by the findings.

*Judgment reversed and cause remanded.*