### Martha G. Stearns v. Harold D. Stearns

[276 A.2d 494]

No. 35-69

Present: Holden, C.J., Barney, Smith, Keyser, JJ., and Hill, Supr. J.

Opinion Filed March 17, 1971

*Kolvoord & Overton,* Essex Junction, for Plaintiff.

*Wool, Agel, Murdock & Kittell,* Burlington, for Defendant.

**Hill, Supr. J.** The petitioner-appellee, Mrs. Martha G. Stearns, initiated a contempt petition alleging that the Appellant failed to comply with the 8th paragraph of the decretal

order of the Essex County Court, whereby the parties were divorced. This paragraph provided in part as follows:

". . . shall pay or cause to be paid the sum of Five Thousand Dollars ($5,000) per year or necessary part thereof, as required for medical and dental assistance, psychotherapy and psychiatric treatment, special education, and other special requirements, and transportation in connection therewith as prescribed by professional persons for Harold Stearns, II. This program shall be reviewed at the end of three (3) years."

This provision concerns a young son of the parties who has been suffering from severe emotional disorders since early childhood. As a result he has been undergoing a continuing program of psychiatric and other special therapeutic treatment.

It was the failure or refusal on the part of the Appellant to pay certain bills representing the expenses of these treatments that led to the finding of contempt by the court below. That Court found that bills presented within the annual limitation set out in the decretal order and not paid by the Appellant totaled Seven Thousand Three Hundred Nineteen Dollars and Forty Cents ($7,319.40). The Court directed that the Appellant purge himself by the payment of this sum together with the payment of Fifteen Hundred Dollars ($1,500.00) to be applied upon the costs, expenses and attorney's fees for Mrs. Stearns' prosecution of the petition.

Findings of Fact were made by the Court below. It is from Findings of Fact Nos. 13, 19, 36 and 39 that this appeal is taken. The Appellant contends there is no reasonable evidence to sustain these findings.

██ It is established by rule of law in countless decisions since 1824, as well as by statute, that findings of fact must stand if there is any credible evidence fairly and reasonably supporting them. 12 V.S.A. § 2385; *Guilmette* v. *Franklin Realty,* 127 Vt. 130, 136, 241 A.2d 323 (1968).

By Finding No. 13 the Court reported:

"During the year 1965 the petitioner Martha G. Stearns procured the services of one Helen Tickey to stay with Harold Stearns II and care for him while she, Mrs.

Stearns, pursued advanced studies and engaged in gainful employment. Mrs. Tickey transported Harold Stearns II to schools, prepared meals, and gave him his medicine. She was present, caring for Harold Stearns II, whom we find required care at that time when he was not entered into the Mary Haven School, in which he was later enrolled. She was not a psychiatric aide, registered nurse, or licensed practical nurse, but we find that she rendered services which were vitally necessary for the care, comfort, welfare and security of Harold Stearns II, and where such as would come within the contemplation of the original order in the premises. For these services Martha G. Stearns paid the sum of Thirteen Hundred Ninety-three Dollars ($1,393.00) to the said Helen Tickey."

The language of Paragraph 8 in the original 1965 decree is very broad and encompasses services and treatments beyond strictly medical, dental and psychiatric therapy. It also includes the following language:

". . . special education, and other special requirements, and transportation in connection therewith as prescribed by professional persons . . . ."

This Court said in *Crawford* v. *Lumberman's Mutual Casualty Co.*, 126 Vt. 12, 16, 220 A.2d 480 (1966):

"Although this Court has the power to set the lower court's findings aside, we will not do so where the evidence is in conflict, merely because the evidence preponderates against them."

The Appellant in his brief admits that there was a good deal of conflicting testimony concerning the duty of Helen Tickey. In addition the transcript discloses that when the Court questioned the Appellee with respect to the services of Helen Tickey she testified as follows:

". . . when it became evident that in order to keep any family together I would have to go to work, I went to work, and I had to hire somebody to take care of the children, and in particular, to take Jack to special schools, to special doctors, to whatever the experts in this field

suggested was best for him. I have always had somebody, some competent person in charge of the children, up until the time that I ceased working in September 1966. This fact has always been known in my statement to the Internal Revenue. There always has been a statement indicating a responsible person was in charge for the child care necessary for a child like this, and it was signed by a medical doctor who was supervising his medical care."

This uncontradicted testimony reasonably substantiates the findings of the lower Court. We find no cause for changing this determination of fact.

Appellant has briefed the arguments relating to findings of fact No. 19 and No. 36 as constituting a single factual issue. These findings relate to the failure of Appellant to have paid certain expenses including those involving the costs of tuition, board and room and medical treatment that were incurred by Appellee on behalf of Harold Stearns, II at the Mary Haven Residential and Day School for Exceptional Children.

These Findings of Fact are as follows:

"19. Harold Stearns II was admitted to the Mary Haven Residential and Day School for Exceptional Children September 11, 1966, and was in such school through the month of June, 1968. The total amount due this school (Petitioner's A) in the amount of twenty three hundred seventy dollars ($2,370.00). This exhibit also shows that the State of New York paid tuition in the amount of two thousand dollars ($2,000.00) and there is a credit of six hundred thirty dollars ($630.00) on the total room, board, and medical; this amount of $630.00 was paid by Mrs. Stearns.

36. The total amount which we find that Harold D. Stearns is in contempt for failure to pay is as follows:

Forty four hundred seventy-three dollars and fifty cents ($4,473.50) to the year 1965; One thousand nine hundred thirty-five dollars and ninety cents ($1,935.90) to the year 1966, together with the sum of fifteen hundred dollars ($1,500.00) due Mary Haven School for the period September, 1966–June 1967; also the sum of three thou-

sand ($3,000.00) for the year 1967; which includes the Mary Haven School charges for room, board, and medical, in the sum of fifteen hundred ($1,500.00) September, 1967–June, 1968, making a total for the years 1965, 1966, and 1967, of ten thousand nine hundred nine dollars and forty cents ($10,909.40). Against this sum found to be due unpaid and in arrears should be credited the sum of thirty five hundred ninety dollars ($3,590.00), leaving a balance of seven thousand three hundred nineteen dollars and forty cents ($7,319.40)."

The record below was somewhat confusing concerning the amounts that were in controversy between the parties. The transcript does, however, contain Appellee's testimony relating to the expenses that she incurred on behalf of Harold Stearns, II.

This testimony relates expenses in each year that in the total appear to exceed the amounts found by the Court below in its Findings of Fact.

The Court below, in its Findings No. 11 and No. 13, to which Appellant takes no exception, found that the total amount of Five Thousand Three Hundred Sixty Eight Dollars ($5,368.00) was billed to Appellee in 1965 on behalf of expenses relating to Harold Stearns, II. However, since Five Hundred Twenty Six Dollars and Fifty Cents ($526.50) had apparently been paid by Appellant on other bills in 1965, only the balance of the Five Thousand Dollars ($5,000.00) provided as the maximum contribution due from him under the decretal order, or Four Thousand Four Hundred Seventy Three Dollars Fifty Cents ($4,473.50), was the amount set forth in Finding No. 36 as being due for 1965. Since the record contains evidence of a larger amount than that found, there is no error.

Finding No. 36 also indicates an amount due for 1966 of One Thousand Nine Hundred Thirty Five Dollars Ninety Cents ($1,935.90) plus One Thousand Five Hundred Dollars ($1,500.00) due the Mary Haven School. The record contains testimony of Martha G. Stearns as to the $1,935.90, and Finding of Fact No. 12 also finds as a fact that this expense was recorded medical bills of a Dr. Stone. These expenses were related to medical treatment rendered Harold Stearns, II, which benefited him and qualified under the decretal order.

Similarly, the expenses of One Thousand Five Hundred Dollars ($1,500.00) due the Mary Haven School are supported by Martha G. Stearns' testimony. Finding of Fact No. 19 relates to a credit payment of Six Hundred Thirty Dollars ($630.00) by Mrs. Stearns to the Mary Haven School, and Findings of Fact No. 36 relates, in addition to the matters previously discussed, to an additional amount of One Thousand Five Hundred Dollars ($1,500.00) resulting from charges of the Mary Haven School for the period September 1967 to June 1968, and covering room, board, and medical expenses. This bill was dated June 2, 1967.

The Court below apparently reasoned that advance billings in 1967 for school expenses were payable upon billing, and therefore qualified as 1967 costs for Appellant under the decretal order. Finding of Fact No. 30 relates to these 1967 expenses. The Court below faced with a bill from the Mary Haven School dated June 2, 1967, for board and room costs running into 1968, but due and payable in 1967, could reasonably find as a fact that this represented a 1967 charge for which Appellant was liable under the decretal order.

Appellant contends that he cannot be found in contempt for an $800 bill of Dr. Stone for the year 1967 as such bill had not been presented to the appellant until the hearing itself. The adjudication in contempt is given for the appellant's failure to comply with Paragraph 8 of the order. The payment of Dr. Stone's bill is included in the amount required for the appellant to purge himself of contempt. The Court found this amount to be correctly due and owing and thus could further find that the amount could be included in that required to purge.

Findings of Fact No. 39 provided that the Appellant could purge himself of contempt by payment of the amounts found to be due

"... together with the sum of fifteen hundred dollars ($1500.00) to be paid by him for the benefit of the petitioner to apply upon her costs, expenses, and attorney fees."

The appellant contended that there was no evidence which could be used as a basis for the award of attorneys fees. An

examination of the transcript discloses that Mr. Stearns paid to Mrs. Stearns the sum of $3,590.60 with directions to apply those funds for particular purposes. Contrary to such instructions Mrs. Stearns paid $1,709.63 to Donald Hackel for attorneys fees. The lower Court in Finding 36 gave credit to the appellant of the $3,590.60 which included the $1,709.63. In addition the Court found that Mrs. Stearns was required to travel extensively in order to be present at three separate hearings. The sum of $1,500.00 allowed by the Court was to be applied not only to attorneys fees but to her costs and expenses, but even so the sum of $1,500.00 is less than the attorneys fees heretofore paid by Mrs. Stearns and thus is merely a partial reimbursement. As the Court found these proceedings vitally concern the welfare of Harold Stearns, II, the allowance of this sum is justified.

*The judgment is affirmed.*