**Vermont Structural Steel Corporation v. Herbert Brickman and Joyce Brickman**

[300 A.2d 629]

No. 27-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 6, 1973

*Dinse, Allen & Erdmann,* Burlington, for Plaintiff.

*Robert J. Kurrle, Esq.,* Montpelier, for Defendants.

**Keyser, J.** This is an action to enforce a mechanic's lien under 9 V.S.A. § 1924. The plaintiff claims a balance due on kitchen equipment and appliances supplied by the plaintiff under a written contract for installation in the defendants' home in Colchester. Defendants' answer admitted the lien but denied the debt and included a claim in set-off. Trial in July, 1966, resulted adversely to the plaintiff but, upon its appeal to this Court, judgment was reversed and the cause remanded for retrial. See 126 Vt. 520, 236 A.2d 658.

The case is here after retrial on appeal by the defendants from the judgment for the plaintiff to recover the "amount of $3,081.38 less $486.20, with interest from the date of the writ at six percent and costs." The order also dismissed the defendants' counterclaim.

The plaintiff's business is designing kitchens and the furnishing of materials and appliances for them. The contract entered into by the parties was for the plaintiff to furnish the defendants with a "custom kitchen" at an agreed price of $4,717.58 on which the defendants made a down payment of $1,580.00. Installation was not included in the contract. The defendants' counterclaim pertained to specific defects in the plaintiff's performance of the contract.

146

Defendants' first claim of error is that the plaintiff failed to perform the contract and, because of its nonperformance, is not entitled to damages. They claim that the trial court's judgment in favor of the plaintiff has no basis in fact to be sustained.

The plaintiff claims it substantially performed the contract. The burden was on the plaintiff to prove such performance and even though there was a failure in some minor particulars, the contract price may be recovered, less a fair allowance to make good the defects. See the previous *Brickman* opinion, *supra*, 126 Vt. at 523.

The defendants argue in their brief that the transcript of the evidence on retrial "indicates without question that there was, in fact, a non-performance [*sic*] of the contract." They refer to facts which are "gleaned from the trial transcript" relating to certain alleged defects which are claimed to exist. It is only by such general statements that the defendants argue support of their claim of nonperformance by the plaintiff. They have not challenged or briefed any exceptions to specific findings of fact made by the trial court or to its failure to find as requested.

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses and the weight of the evidence." V.R.C.P. 52. See also *Leno* v. *Meunier*, 125 Vt. 30, 34, 209 A.2d 485 (1965).

The findings of the court clearly establish substantial performance by the plaintiff of its contract entered into with the defendants. The only exception, or shortage, found by the court in this respect was that the wrong front door for the dishwasher was delivered and a new one had not been delivered; also that an electric kitchen clock was delivered in a damaged condition.

Our reading of the transcript indicates that the evidence was controverted as to the other items set forth in defendants' counterclaim. On review, the fact that the evidence is conflicting cannot avail the excepting party. *Barr's Estate* v. *Guay*, 127 Vt. 374, 379, 250 A.2d 512 (1969). In respect to such items the defendants failed to sustain their

burden of proof as required by the prior *Brickman* opinion, *supra,* 126 Vt. at 534.

The evidence also indicates with reference to the contract price that the defendants have received a real and actual benefit from the work, materials, and appliances supplied by the plaintiff.

The record convinces us that the findings are not "clearly erroneous" as provided by V.R.C.P. 52, but are fairly and reasonably supported by credible evidence and must stand. *Stearns* v. *Stearns,* 129 Vt. 264, 265, 276 A.2d 494 (1971). Defendants' exception is not sustained.

The appellants' second assignment of error is to that part of the amended judgment order which allows interest on the amount of the judgment "from the date of the writ at six percent." They claim that imposition of interest is unfair and unconscionable since this case has been in litigation for some time and ask that this Court strike the matter of interest from the amended judgment order. It is true that the litigation has been somewhat protracted but there is no final adjudication of a case until a final entry is made by the court.

██ Interest is compensation paid for the use of money, and generally by debtor to creditor in recompense for detention of debt. *Town of Hartland* v. *Damon's Estate,* 103 Vt. 519, 531, 156 A. 518 (1931). In the absence of a contract concerning it, interest does not begin to run until a debt is shown to be in default. *Town of Panton* v. *Noonan, Admr.,* 112 Vt. 138, 142, 22 A.2d 174 (1941). And the debt is not considered in default until payment is demanded or until suit is brought, which is a judicial demand. *Id.* It was held in *Vermont & Canada R. Co.* v. *Vermont Cent. R. Co.,* 34 Vt. 1, 4 (1861), that the law implies that interest is to be paid from the time that the debt became payable.

██ Here there is no finding either of the date that the debt became payable or of a demand and, therefore, interest is to run from the date suit was brought. *Town of Panton* v. *Noonan, Admr., supra.* Furthermore, the contract in this case does not stipulate a rate of interest so that the statutory or legal rate applies after the debt matured and

became payable. See 47 C.J.S. *Interest* § 39. In the recent case of *Stevens* v. *Cross Abbott Co.*, 129 Vt. 538, 546, 283 A.2d 249 (1971), interest on the judgment was fixed by this Court "at six per centum (6%) from February 3, 1969" which was the date of the writ. This is the identical situation here. To deny the allowance of interest would be to deny a legal right to the plaintiff. The defendants' exception is overruled. The judgment order of the court below was without error in this respect.

The clear import of the findings of fact demonstrates ample and complete support of the judgment. There is no error.

*Judgment affirmed.*