### In re Estate of Louis E. Young

[376 A.2d 339]

No. 300-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

Motion for Reargument and Clarification denied August 5, 1977

*Tyler, Bruce & Bliss*, St. Albans, for Plaintiff.

*Jon R. Eggleston* of *Kissane and Heald Associates*, St. Albans, for Defendant.

**Billings, J.** Appellee Gladys Young filed a claim with the commissioners pursuant to the then existing law, 14 V.S.A. § 1153 (repealed 1975) for services during the period from 1966 to 1973 for housekeeping and nursing care rendered appellant's decedent, Louis Young and his deceased wife. Appellee was awarded $1,000, and she appealed to the Franklin Superior Court. 12 V.S.A. § 2556. After hearing, the trial court issued findings of fact and conclusions of law and entered judgment for the appellee in the amount of $12,740. Appellant estate appeals.

In January, 1966, appellee commenced providing housekeeping services and nursing care for appellant's decedent and his wife. Appellee received board and room and in addition was paid $15 per week, which sum she used for the benefit of decedent's wife. Appellee continued under this

arrangement until decedent's wife's death in 1968. In March, 1970, appellee married decedent's son, Roland Young. Later that year, Louis Young asked appellee to come back and stated that "everything would be the same" and "he would see to it I was taken care of." Appellee continued providing services until Louis Young's death on July 22, 1973, although during this latter period, she did not receive the $15 per week, nor did the decedent provide for appellee in his will.

The trial court simultaneously issued a notice of decision, findings of fact, and conclusions of law, so that the parties were unable to file requests for findings of fact. V.R.C.P. 52. Appellant moved for additional findings; that motion was denied.

■■ The purpose of findings is to make a clear statement to the parties and to this Court, if an appeal is taken, of what was decided and how the decision was reached. *Wells* v. *Village of Orleans, Inc.*, 132 Vt. 216, 221, 315 A.2d 463 (1974). Findings of fact shall not be set aside unless clearly erroneous. V.R.C.P. 52; *Bookstaver* v. *Town of Westminster*, 131 Vt. 133, 141, 300 A.2d 891 (1973). The standard of review is whether they are "fairly and reasonably" supported by the evidence. *Vermont Structural Steel Corp.* v. *Brickman*, 131 Vt. 144, 147, 300 A.2d 629 (1973). The trial court is obligated to make findings of fact upon all material issues raised by the pleadings and evidence. *Lynda Lee Fashions, Inc.* v. *Sharp Offset Printing, Inc.*, 134 Vt. 167, 170, 352 A.2d 676 (1976). It is the duty of the trial court in making findings of fact to sift the evidence and state the facts. *Lynda Lee Fashions, Inc.* v. *Sharp Offset Printing, Inc., supra; Neverett* v. *Towne*, 121 Vt. 447, 159 A.2d 345 (1960).

In the case at bar, the parties are entitled to specific findings as to: the details of the employment contract, either express or implied, as well as to the effect, if any, of the family relationship due to appellee's marriage; the reasonable value of the services rendered, the reasonable value of the provided room and board; and the lack of provision for the appellee in decedent's will. The findings were inadequate to settle the issues of the case, and they do not support the judgment rendered below.

*Reversed and remanded.*