### Walter E. Douglas d/b/a Wedco Electric v. Timothy J. O'Connell d/b/a Top of Square

[429 A.2d 1310]

No. 389-79

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed April 7, 1981

*Yandell, Archer & Foley,* Burlington, for Plaintiff.

*Michael D. Danley* of *Kolvoord, Overton & Wilson,* Essex Junction, for Defendant.

**Underwood, J.** The facts in this case are not in dispute. Top of the Square, Inc., a Vermont corporation, was conducting cultural performances in a tent at the Burlington Square Mall during the summer of 1978. Frank Kaufman, an employee of the corporation, entered into negotiations with the appellant to perform some electrical work in the tent. Terms and price were agreed upon and the appellant prepared a written agreement. The parties named in the body of the proposed agreement were Wedco Electric and Frank Kaufman, Top of Square. Beneath the two signature lines at the bottom of the agreement was typed: "Wedco Electric, W. E. Douglas—Owner" and "Frank Kaufman Top of Square."

The appellant delivered the proposed agreement to Kaufman. When the agreement was returned to the appellant, the typewritten name of Frank Kaufman in the body of the agreement was struck through by pen and the name of Timothy J. O'Connell written in ink next to it. The typewritten words "Top of Square" remained intact in the body of the agreement after the penned name of Timothy J. O'Connell. On one signature line appeared the signature in ink: "W. E. Douglas." On the other signature line appeared the signature in ink: "Timothy J. O'Connell."

The appellant, at the time he signed the written agreement and while performing the electrical work in the tent, was unaware of the fact that there was such a corporate entity as Top of the Square, Inc., or that he was doing business with that corporation. The appellant performed all of the electrical work required of him under the agreement in a satisfactory manner on 1 June, 1978, and was entitled to be paid the sum of $1,089.00.

The appellant has never been paid, in whole or in part, by either the appellee or Top of the Square, Inc. Top of the Square, Inc., is now insolvent, and the appellee denies personal liability. The appellant brought suit against the appellee in Vermont District Court, Chittenden Circuit, Unit No. 2, for the sum of $1,089.00 plus interest and costs. The matter was heard by the court, findings made and a judgment

entered for the appellee. It is from this judgment that the appellant appeals to this Court.

The sole issue presented is whether Timothy J. O'Connell made himself personally liable on the written agreement to pay Walter E. Douglas, doing business as Wedco Electric, the sums due and owing under that agreement.

The appellee contends that he is not personally liable to the appellant under the terms of the written agreement as he signed the agreement as an agent of the corporation, Top of the Square, Inc. As a general rule, however, an agent must disclose the fact of his agency and the identity of his principal if he is to escape personal liability. If he acts as the agent of another when he signs a contract, he is personally liable thereon if at the time of the signing of the contract he fails to disclose the fact of his agency and the identity of his principal. *Wilder* v. *Hinckley Fibre Co.*, 97 Vt. 45, 48, 122 A. 428, 429 (1923). See also 3 Am. Jur. 2d *Agency* § 317.

When Timothy J. O'Connell signed the agreement "Timothy J. O'Connell Top of Square," he did not style himself as an agent or set forth that he was acting on behalf of a named principal. *Curtis* v. *Watson*, 64 Vt. 536, 538, 25 A. 478, 478 (1892). He could just as easily have penned in the word "Inc." after "Top of Square," when he used his signature pen to strike out the name of Frank Kaufman. Instead, we have an instance of both an undisclosed agency and an undisclosed principal. *Amans* v. *Campbell*, 70 Minn. 493, 73 N.W. 506 (1897); *Saco Dairy Co.* v. *Norton*, 140 Me. 204, 35 A.2d 857 (1944). Under such circumstances, it was reasonable for the appellant to assume that Timothy J. O'Connell had signed the agreement as the owner of Top of Square.

The burden is on the agent to disclose his agency and to identify his principal. This burden is not met by the mere use of a trade name such as Top of Square. Therefore, the trial court's conclusion that the identity of the principal had been "plainly disclosed" is not supported by the facts.

*The judgment is reversed and remanded for an entry of judgment for the appellant and the computation of interest and costs.*