## Eccomunity, Inc. v. Roger Lussier and John Stevens

[514 A.2d 711]

No. 84-568

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed July 18, 1986

*Divoll and Doores, P.C.*, and *David F. Buckley*, Bellows Falls, for Plaintiff-Appellee.

*Deborah T. Bucknam*, Hardwick, for Defendant-Appellant.

**Hill, J.** The case concerns a disputed real estate transaction. Trial was by jury, a verdict being rendered in favor of plaintiff Eccomunity, Inc. against defendant Roger Lussier for $25,000. Defendant appeals. Plaintiff cross-appeals the court's failure to amend the verdict and award interest. We affirm as to liability of defendant Lussier for the principal sum of $25,000, and remand to the trial court for the assessment of interest in accordance with this opinion.

In April, 1977, plaintiff agreed to sell to defendant seven parcels of Vermont real estate for $130,000. Defendant paid $30,000 in cash and signed a promissory note for the remainder of the balance due, payable in thirty days. The deeds were transferred before a proper title search could be conducted, and the note contained a contingency which allowed the defendant to reconvey parcels determined to be "unmerchantable."

On June 14, 1978, John Stevens, as agent for defendant Lussier, paid off the promissory note. The note was paid in full through the assumption of an outstanding Federal Land Bank mortgage, representing approximately $55,000 of indebtedness, and the delivery of two checks totaling $45,000. At some point during the transaction, Mr. Stevens asked Mr. Strong, Eccomunity's President, for plaintiff's Federal Land Bank stock certificate. Plaintiff had been required to purchase the stock, valued at $25,000, in order to obtain loans from that institution. When the certificate could not be found, plaintiff's attorney called the Land Bank, and had a lost stock receipt dictated to him over the phone. Mr. Strong signed the receipt, and turned it over to Mr. Stevens. When the defendant presented the receipt to the Land Bank, the bank credited it toward the amount due on the loan in accordance with its normal operating procedures.

According to the defendant, the parties agreed to reduce the purchase price by the value of the stock because of certain title

defects in two of the properties conveyed. Strong admitted discussing an adjustment in price, but did not recall reaching any specific agreement on this issue. He testified that he gave Stevens possession of the stock receipt because he thought defendant needed it to retire the assumed indebtedness. He denied that such transfer was intended as a credit against the purchase price.

Approximately one year later, plaintiff's accountant discovered that defendant had obtained a $25,000 credit for the stock receipt, and Eccomunity filed suit demanding judgment in that amount plus interest that had accrued under the terms of the note.

Defendant claims on appeal that the lower court erred in refusing to grant its motion for directed verdict based on accord and satisfaction, and in failing to charge the jury on this issue. We disagree.

■ "The question of accord and satisfaction may be one of fact or of law. Where the evidence leaves no room for opposing inferences it is one of law." *Curran* v. *Bray Wood Heel Co.*, 116 Vt. 21, 24, 68 A.2d 712, 715 (1949). The elements of the defense are well-established. The party asserting it must establish that: (1) the claim is disputed; (2) he offered to pay less than the amount purportedly due; and (3) the other party accepted and retained the lesser amount offered in full settlement of his claim. *Id.* at 24-25, 68 A.2d at 715.

At first blush, defendant appears to have established each of the required elements. The asserted claim is clearly disputed, defendant apparently offered less than the amount due, and plaintiff marked "paid in full" on the promissory note which is the subject of this suit. Only when one looks carefully at defendant's purported offer and plaintiff's claimed acceptance does the flaw in defendant's reasoning become apparent.

■ "To constitute an accord and satisfaction, that which is offered must clearly be offered in full satisfaction of the claim in question, and it must be so understood when accepted." *Union Bank* v. *Jones*, 138 Vt. 115, 124, 411 A.2d 1338, 1344 (1980); see also *Curran, supra*, 116 Vt. at 25, 68 A.2d at 715 ("offer must be such that if the creditor accepts it, he is bound to understand that he takes it in full settlement"). In this case, defendant claims to have assumed plaintiff's indebtedness on condition that he receive the lost stock receipt enabling him to set off the value of the stock against the assumed mortgage debt. Plaintiff argues in re-

sponse that it made no such agreement. According to plaintiff, Strong marked defendant's note "paid in full" because he believed that the debt had indeed been paid in full. Neither party introduced evidence that definitively resolved this conflict in the testimony. Since the evidence left room for opposing inferences on the issue of accord and satisfaction, defendant's motion for directed verdict was properly denied.

Defendant next argues that the trial court erred in refusing to instruct the jury on the elements of accord and satisfaction. In response to defendant's request to charge, the court noted that the case could be reduced to a factual dispute. If the jury found that the parties agreed to reduce the purchase price by allowing defendant to apply the value of the stock to the Federal Land Bank loan, the court instructed them to find for the defendant. If the jury found that the defendant had failed to show such an agreement, they were instructed to find for the plaintiff.

Although instructions couched in terms of an accord and satisfaction may have been technically more correct, we fail to see how the instructions given prejudiced the defendant. The court's instructions quite properly placed upon defendant, as the party asserting the affirmative defense of accord and satisfaction, the burden of proof on the issues raised thereby. See *Muzzy* v. *Curtis*, 127 Vt. 516, 519, 253 A.2d 149, 151 (1969). If anything, the instructions worked to defendant's advantage in that they relieved him of his burden of proof on the issue of whether the claim was disputed.

Plaintiff contends on cross-appeal that it is entitled to interest that accrued under the terms of the note from June 14, 1978. We agree.

In contract cases, such as the one before the Court, prejudgment interest is awarded as a matter of right. *VanVelsor* v. *Dzewaltowski*, 136 Vt. 103, 106, 385 A.2d 1102, 1104 (1978). "Interest is compensation paid for the use of money . . . ." *Vermont Structural Steel Corp.* v. *Brickman*, 131 Vt. 144, 147, 300 A.2d 629, 631 (1973). The complaining party has been deprived of funds to which it was entitled by virtue of the contract, the amount due is clear from the terms of the note, and the law requires that the complainant be compensated for the loss, including interest. See Restatement (Second) of Contracts § 354 (1981).

In this case, both parties agree that if default occurred, it occurred on June 14, 1978. They also agree that interest should ac-

crue, if at all, at a rate of 8½ %, in accordance with the terms of the note sued upon. See *VanVelsor, supra*, 136 Vt. at 106, 385 A.2d at 1104 ("Interest begins to run from the time the debt becomes payable or payment is demanded, or when suit is brought . . . ."). Accordingly, plaintiff is entitled to a judgment in the amount of $25,000 plus interest at a rate of 8½ % from June 14, 1978 to the date of the lower court's decision.

*Judgment against defendant Lussier for the principal sum of $25,000 is affirmed. Cause remanded to the trial court for modification of the aforementioned judgment to include the assessment of interest in accordance with the views expressed in this opinion.*