# Ernest and Gloria Biron d/b/a C. P. Dudley Store
# v. Ronald Abare

[522 A.2d 230]

No. 85-293

Present: Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.

Opinion Filed January 2, 1987

*Jess T. Schwidde, Office of George E. Rice, Jr.,* Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals from a district court judgment in the amount of $3,079 for gasoline sold on open account, argu-

ing that the fuel was sold to the corporation of which he was president and that he was not personally liable. We affirm.

Plaintiff operates a general store in East Montpelier, and defendant was the principal shareholder in a corporation known as Abare & Sons Artesian Well Drilling Co. Defendant began doing business with plaintiff on a cash basis and later established an open account. Plaintiff knew that the gasoline was sold to defendant for business use, since the vehicles were identified with the company's name, and the charge account was stated in plaintiff's records as "Abare Wells." There was no evidence that defendant ever advised plaintiff that the gasoline was being purchased for a corporation or that he was not to be personally liable.

Defendant does not contest that "an agent must disclose the fact of his agency and the identity of his principal if he is to escape personal liability." *Douglas* v. *O'Connell,* 139 Vt. 427, 429, 429 A.2d 1310, 1311 (1981). Those acting other than as principals should "openly announce that fact." *A. G. Anderson* v. *T. C. Industries, Inc.,* 135 Vt. 522, 523, 380 A.2d 90, 91 (1977). Defendant concedes that he never affirmatively advised plaintiff of his agency status, but argues that his duty to give notice was met because plaintiff should reasonably have known that a business was involved and that the business was a corporation. He relies on the presence of the business name on the trucks receiving the fuel, the presence of the business name on its checks, and the denomination of the open account by plaintiff as "Abare Wells."

The mere use of a trade name does not conclusively prove agency on behalf of a corporation. *Douglas,* 139 Vt. at 429, 429 A.2d at 1311. Although the word "company" is statutorily sufficient as a corporate name, 11 V.S.A. § 1855(1), whether the word "company" on the checks used for payment and on the vehicles receiving the fuel was adequate notice of agency status was a factual question. See *Jensen* v. *Alaska Valuation Service, Inc.,* 688 P.2d 161, 164 (Alaska 1984). Use of the word "company" itself did not serve as notice that defendant was acting other than as a principal. We noted in *A. G. Anderson Co.* that the evidence in that case referred to the corporate defendant as "T & C Construction, . . . T. C. Construction and as T. C. Construction Company," 135 Vt. at 523, 380 A.2d at 91, and we held that the individual defendants had not adequately announced their agency status. *Id.* Although defendant at bar contends that the checks were always drawn on the "corporation's checking account," the

evidence was that the checks were imprinted with the name "Abare & Sons Artesian Well Company." The trial court found that it was unclear whether the defendant was simply an individual doing business under a trade name or an agent for a corporation.

Defendant's contention that plaintiff could have checked the status of the company with the Vermont Secretary of State's office and learned that it was a corporation is without merit. Compliance with Vermont's requirements for corporate status does not relieve defendant of his duty of fair disclosure under agency law, nor do Vermont's corporate laws impose any duty on plaintiffs to examine the public records to determine the status of every customer with whom they do business. In sum, there was ample evidence below for the court's finding that defendant did not put plaintiff on notice that he was doing business in a corporate capacity. This Court will not set aside findings of fact unless they are clearly erroneous, viewing the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence. *Page v. Suraci,* 145 Vt. 89, 92, 483 A.2d 601, 603 (1984).

Defendant next argues that the trial court erred in amending its order to provide for interest from the date of the last payment, November 1, 1982, rather than the date of the order, March 19, 1985. In the absence of a contrary agreement, interest does not run until payment is demanded or suit is brought. *Vermont Structural Steel Corp. v. Brickman,* 131 Vt. 144, 147, 300 A.2d 629, 631 (1973). Interest should have begun to run on August 20, 1984, the date on which the complaint was filed.

*Judgment is affirmed and the matter is remanded to the district court for a recomputation of interest from and after August 20, 1984.*