## Roger Lussier v. John Stevens

[571 A.2d 666]

No. 88-534

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed December 22, 1989

*Andrew R. Field,* Montpelier, for Plaintiff-Appellee.

*Gregory P. Howe,* Newport, and *Michael Rose* (On the Brief), St. Albans, for Defendant-Appellant.

**Morse, J.** This case presents the question of whether defendant's oral promise to pay one-half of a judgment against plaintiff is unenforceable because it is subject to the statute of frauds, 12 V.S.A. § 181(2) ("promise to answer for the debt, default or misdoings of another").[1] We hold under the facts here that the statute does not apply and affirm.

---

[1] 12 V.S.A. § 181(2) states:

An action at law shall not be brought in the following cases unless the promise, contract or agreement upon which such action is brought or some memorandum or note thereof is in writing, signed by the party to be charged therewith or by some person thereunto by him lawfully authorized: . . . (2) A special promise to answer for the debt, default or misdoings of another; . . . .

Plaintiff Lussier was awarded judgment for $16,500 against defendant Stevens in a trial by court. This sum represents one-half of a settlement of a judgment rendered earlier against Lussier in favor of Eccomunity, Inc., a grantor of real estate, following a dispute over the amount of the purchase price. The judgment against Lussier was affirmed on appeal. *Eccomunity, Inc. v. Lussier*, 147 Vt. 276, 514 A.2d 711 (1986).

The focus of this appeal is an oral agreement made between Lussier and Stevens during the Eccomunity action. Stevens asserts that his oral agreement with Lussier to pay one-half of any Eccomunity recovery violates the statute of frauds. Stevens had been Lussier's partner and was also named as a defendant in the Eccomunity action based on an allegation of fraud in his capacity as a realtor. Stevens, however, was dismissed prior to the verdict in favor of Eccomunity.

Stevens continued to participate, however, in helping Lussier defend against Eccomunity. Lussier did not cross-claim against Stevens for indemnity in the Eccomunity action, relying on their oral agreement to split any judgment. Following the Eccomunity verdict, Stevens refused to pay his share of the judgment, prompting Lussier to begin this suit in March, 1985. Two years later, Eccomunity and Lussier settled their dispute for a discounted amount, $33,000, which was paid by Lussier to the president and sole stockholder of Eccomunity.[2]

The trial court in this case decided that the statute of frauds did not apply to the parties' oral agreement. It reasoned that Lussier and Stevens secured each other's cooperation in Eccomunity's action against them in order to reduce the gamble that one of them would be liable for the total sum of a possible plaintiff's verdict. Stevens had the added incentive to secure Lussier's cooperation because his realtor's license was in jeopardy as a result of the alleged fraud.

---

[2] A claim of error predicated on Lussier satisfying the Eccomunity judgment by paying Eccomunity's president and sole stockholder instead of the corporation itself is decidedly without merit. Viewed in context, the Eccomunity judgment was satisfied, as demonstrated by the parties' written agreement and the trial court's findings.

■ Cases interpreting § 181(2) ("promise to answer for the debt . . . of another") speak in terms of whether the promise is "original" or "collateral." An "original" promise is enforceable because it is supported by "new consideration," that is, the promise must benefit or operate as an advantage to the party making it; a "collateral" promise, on the other hand, is unenforceable because it is simply gratuitous. See, e.g., *Lussier v. North Troy Eng. Co.*, 149 Vt. 486, 492–93, 544 A.2d 1173, 1177–78 (1988); *Contractor's Crane Serv. v. Vermont Whey Abatement Authority*, 147 Vt. 441, 447–48, 519 A.2d 1166, 1171 (1986) ("'[W]hen the leading object of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute.'") (quoting 2 A. Corbin, Contracts § 366, at 273–74 (1950)).

■ Stevens argues that the record does not substantiate the court's findings that "new consideration" was given for his oral promise to pay one-half the judgment.[3] Stevens submits that no evidence supports a bargained-for benefit. We disagree. The record need not explicitly detail the consideration supporting a promise. The context in which this promise was made amply supports the inference that the parties' agreement to share losses was motivated by achieving a stronger defense through mutual cooperation and, barring a win, spreading the risk of loss.

*Affirmed.*

---

[3] In furtherance of his contention that the parties' oral agreement is unenforceable, Stevens argues that an indemnification for intentional wrongdoing is contrary to public policy and unenforceable. Specifically, Lussier's reciprocal promise to pay one-half of a judgment by Eccomunity against Stevens constitutes inadequate consideration, according to Stevens, because he was charged with fraud. This doctrine, however, was not designed to reward the wrongdoer, and we will not apply it here to benefit Stevens.