## Michael L. Costa & Anthony J. Costa v. Kostas Katsanos & Sophia Katsanos

[664 A.2d 251]

No. 94-029

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed May 26, 1995

Motion for Reargument Denied June 26, 1995

*J. David Shaw*, Rutland, for Plaintiffs-Appellants.

*Bruce M. Lawlor* of *Lawlor & Koitto,* Springfield, for Defendants-Appellees.

**Gibson, J.** Plaintiffs appeal from a directed verdict entered against them by the Windsor Superior Court claiming that defendants were personally liable for damages resulting from the corporate tenant's refusal to vacate plaintiffs' property when its lease expired. We affirm.

Defendants are the sole shareholders and officers of S & Z, Inc., which operated a business known as Village Pizza on property leased from plaintiffs in Ludlow, Vermont. On February 10, 1983, plaintiffs and S & Z's promoter executed a lease, which was subsequently assigned to S & Z on April 4, 1983. The lease was for a five-year term with a monthly base rent plus a 5% annual cost-of-living increase, and included a renewal option permitting a new five-year term at a reasonable rent agreeable to both parties.

In May 1987, plaintiffs informed S & Z that if it renewed the lease, plaintiffs would increase the base rent from $1215 to $4000 per month. The parties could not reach an agreement on the new rent after negotiating from May 1987 until February 1988. On February 8, 1988, plaintiffs began a justice ejectment action pursuant to 12 V.S.A. § 4851 in Windsor District Court seeking possession of the property and damages. Plaintiffs named only the corporate tenant, S & Z, and its promoter in the complaint. S & Z and the promoter counter-claimed, seeking clarification of their rights under the renewal clause of the lease. On February 16, 1988, the promoter and S & Z moved to remove the ejectment action to the superior court. Plaintiffs opposed the motion, and the district court denied it.

In February 1988, defendants purchased a new location for their business. They moved the pizza shop from plaintiffs' property to the new location in September 1988, but S & Z retained possession of the former premises in contemplation of further use of the property. S & Z continued to make rent payments, equal to the base rent under the expired lease plus 5%, until plaintiffs stopped accepting them in December 1989.

Approximately one year after the district court ejectment action was filed, plaintiffs found a new tenant for their property. The tenant could not move into the property, however, because S & Z continued to hold over. By March 1989, the new tenant was no longer interested in renting the property.

On June 21, 1989, the day of the district court trial, the court entered a consent judgment for plaintiffs. The judgment awarded

plaintiffs possession of the property and $5000, the district court's jurisdictional limit at that time. Plaintiffs were unable to find a new tenant for the property until November 1990.

Almost two years after entry of the district court judgment, plaintiffs filed the present action in superior court against the promoter, S & Z, and the S & Z corporate officers individually. Plaintiffs claimed that defendant officers, the promoter and S & Z wrongfully retained possession of the property and that plaintiffs were entitled to damages. The court dismissed the complaint against S & Z and the promoter, but denied the request to dismiss the corporate officers.

After the close of plaintiffs' evidence, defendants moved for a directed verdict. The court granted the motion. It reasoned that because plaintiffs accepted rent after the lease had expired, a tenancy by implication resulted, thereby extinguishing any claim in tort for wrongful retention of the property. Plaintiffs appealed.

■ In reviewing a directed verdict, we view the evidence in the light most favorable to the nonmoving party. *Silva v. Stevens*, 156 Vt. 94, 101, 589 A.2d 852, 856 (1991). If there is any evidence in the record reasonably supporting the nonmoving party's claim, a directed verdict is improper. *Id.* at 101-02, 589 A.2d at 857.

■ We affirm the superior court's dismissal of the action because defendants were not personally liable to plaintiffs for the wrongful holdover in this case. It is well-settled that corporate officers are liable for their personal torts against third parties even if the corporation may also be liable. *New England Acceptance Corp. v. Nichols*, 110 Vt. 478, 488, 8 A.2d 665, 670 (1939). Like all tortfeasors, corporate officers are liable for their own wrongdoing. *Hardwick-Morrison Co. v. Albertsson*, 158 Vt. 145, 149, 605 A.2d 529, 531 (1992). Although a wrongful holdover "sounds in tort," it is a claim that arises in the context of a contract between landlord and tenant. See *Sabourin v. Woish*, 116 Vt. 385, 387, 78 A.2d 333, 334 (1950) (action for justice ejectment or wrongful holdover sounds in tort, but landlord entitled to remedy only when lessee holds over without right after expiration of lease). In other words, the parties to the lease, by the express terms of that lease, define by and against whom the claim may be brought.

■■ As tenant, S & Z was obligated to vacate the premises after the lease terminated. Defendants could not "hold over" in their

individual capacity because they were not tenants under the lease. S & Z's officers never assumed any personal obligations under the lease and were under no individual duty to plaintiffs to turn possession of the leasehold over to plaintiffs. See 3A J. Solheim & K. Elkins, Fletcher Cyclopedia of the Law of Private Corporations § 1118, at 219-20 (perm. ed. rev. vol. 1994) (officer not personally liable for corporation's contract unless contract worded or signed to so indicate). Moreover, plaintiffs have not alleged any individual wrongdoing of defendants that would warrant holding them personally liable for unlawfully holding plaintiffs' property. Cf. *Wootton Land & Fuel Co. v. John*, 153 P. 686, 689 (Colo. 1915) (corporation's vice-president not personally liable for unlawful detention of land where company alone claimed right of possession). The action against the corporate officers in this case was properly dismissed.

We do not reach plaintiffs' other claims of error because the cause was properly dismissed below.

*Affirmed.*