Bissonette v. Southland Log Homes, Inc., No. S0901-01 CnC (Katz, J., Feb. 4, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

ARTHUR E. & JUDY L. BISSONETTE

v.

SOUTHLAND LOG HOMES, INC., W.R.
PRESTON & CO. INC., WARD R.
PRESTON, and RICHARD PRESTON

ENTRY

This is a summary judgment motion in a construction contract case. Defendant Richard Preston moves to dismiss all claims against him on the basis that he is not personally liable for any damages caused by his work or advice as he was an agent and officer of W.R. Preston & Co., Inc. Homeowners dispute this denial by citing numerous dealings with Preston

where he did not disclose his corporate affiliation. As well, they argue that Preston remains liable for damages stemming from his negligence.

Homeowners initially contacted Richard Preston when they wanted to purchase a log cabin home. Acting as a sales representative for Southland Homes, Preston facilitated a contract between homeowners and Southland for a log cabin kit. At the same time, Preston, or one of the employees at W.R. Preston & Co., Inc., drew up a "Proposal" outlining a plan for the company to act as general contractor. The "Proposal" is signed by Richard Preston without any title, but the document is captioned with W.R. Preston & Co. Inc. and their business address. Homeowners do not deny that it was so captioned when they received the "Proposal." Despite homeowners' signed acceptance of the "Proposal," the plan was never enacted, and Homeowners assembled the cabin themselves, acting as their own general contractor. Preston apparently visited the construction site several times to offer advice and to watch the work progress. Through conversations with homeowners, Preston suggested that they change the roof of the house from its standard A-frame to a gambrel style to give the second floor more space. Homeowners orally accepted this as a proposal and allowed Preston to design and build the roof frame. For this work, homeowners were billed through unsigned invoices captioned with the name "W.R. Preston & Co. Inc" and its address. In return, they made all checks payable to "W.R. Preston & Co. Inc." Following completion of the log house, homeowners become dissatisfied with the quality of the house and its alleged structural flaws.

The issue of Preston's liability for his work on the Bissonette home is premised on his liability as an agent for W.R. Preston & Co. Inc. As an officer of the corporation, Preston is considered its agent as a matter of law. 2 W.M. Fletcher et al., Fletcher Cyc. Corp. § 434 (2002). If performed

under the authority granted to him by W.R. Preston & Co. Inc., Preston's acts are imputed to the principal. 18B Am. Jur. Corporations §§ 1523, 1525 (1985). To escape liability for these actions, however, Preston must establish that he fully disclosed this relationship with the principal to homeowners. Proper disclosure requires Preston to demonstrate that the homeowners knew or should have known the identity of his principal and that Preston was working on its behalf in his dealings with them. Douglas v. O'Connell, 139 Vt. 427, 429 (1981); Restatement (Second) of Agency § 4 (1958).

Homeowners do not deny that Preston disclosed his relationship with Southland Homes and is not personally liable to them for the sale of the home or any dispute arising from the initial sale transaction. Both the contract for the Southland house and Preston's dealings with homeowners strongly support this position. Homeowners pinpoint their argument for liability to their subsequent dealings with Preston concerning the changes to the roof and its framing. From the evidence, however, we can conclude that homeowners had actual notice of W.R. Preston as an agent for the principal corporation. Unlike the plaintiffs in either Douglas v. O'Connell, 139 Vt. 427 (1981), or A.G. Anderson Co., Inc. v. T.C. Industries, Inc., 135 Vt. 522 (1977), homeowners were given and signed, in the case of the "Proposal," documents stating clearly that W.R. Preston & Co. was incorporated. By including "Inc." on every invoice and document, Preston put homeowners on notice that W.R. Preston & Co. was incorporated and not merely a trade name. Cf. Douglas, 139 Vt. at 429 ("He could just as easily have penned in the word 'Inc.' after 'Top of Square' . . ."). Homeowners tacitly acquiesced to this by making each check payable to W.R. Preston & Co. Inc. See Am. Plumbing Co., Inc. v. Hadwin, 483 So. 2d 169, 173 (La. App. 1986) (affirming notice of agency when subcontractor agreed to bill and receive payments from a corporation).

Furthermore, despite his personal dealings with the homeowners, Preston never made any indication that he intended to be held personally liable for the contract or that the work was outside his role as vice-president. Ridgewells Caterer, Inc. v. Nelson, 688 F. Supp. 760, 762–63 (D.D.C. 1988). While some of Preston's informal dealings with homeowners when taken individually permit a counter-interpretation, they do not, in context, contradict or weaken the notice contained in the initial proposal, billing records, and payment choices. Any confusion homeowners may have had became their responsibility after notice was given. 3A W.M. Fletcher et al., Fletcher Cyc. Corp. § 1118, at 162 (2002).

Homeowners oppose Preston's motion for summary judgment on a second ground of negligence based on the premise that tortfeasors are liable for their personal torts. Costa v. Katsanos, 163 Vt. 586, 588 (1995). Homeowners, however, have not demonstrated either physical injury or property damage that would allow this claim to sound in tort. The damages claimed by homeowners are defects within the house itself. While the source of these problems is disputed, the damage is not. Such loss is purely economic since it comes directly from the subject of the contract, rather than some unanticipated physical injury to person or property. Springfield Hydroelectric Co. v. Copp, 172 Vt. 311, 314 (2001). Homeowners' complaint is that they did not receive the house that they bargained for, and their remedy is to receive the money that will allow them to repair the house to what it should have been. This is a contract issue and will not profit from mixing tort theories. Therefore, the economic loss rule governs and prohibits any negligence action against Preston for his work.

Based on the foregoing, defendant Richard Preston's motion for summary judgment is granted. The claim against him shall be dismissed.

Dated at Burlington, Vermont_____, 20_____.


_____
Judge